## COUNTY COUNCIL OF BALTIMORE COUNTY
### *v.* EGERTON REALTY, INC.

[No. 219, September Term, 1957.]

*Decided April 24, 1958.*

*Motion for rehearing filed May 24, 1958, denied and opinion modified June 10, 1958.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, and HORNEY, JJ., and GRAY, J., Chief Judge of the Seventh Judicial Circuit, specially assigned.

*Walter R. Haile* for the appellant.

*Solomon Liss,* with whom was *Harold I. Glaser* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Baltimore County, passed on September 10, 1957, granting a writ of mandamus directing the County Council to approve the reclassification of a portion of the property owned by Egerton Realty, Inc., from an R.6 to a B.L. zone, as ordered by the Zoning Commissioner of Baltimore County on February 5, 1957.

On November 19, 1956, the appellee filed with the Zoning Commissioner a petition for reclassification of a portion of the property acquired by it in 1953. After an advertised public hearing had been held, the Zoning Commissioner passed the order in question, and no appeal was taken by the protestants from that order within the ten days specified in sec. 500.10 of the Zoning Regulations, adopted March 30, 1955. After the expiration of the time for appeal, the action of the Zoning Commissioner was referred to the County Council, as directed by sec. 500.2 of the Zoning Regulations. The Council requested an opinion from the County solicitor and was advised by him that it had no power to disapprove the action of the Zoning Commissioner, but that "under the existing regulations the County Council must approve, *pro forma,* the action of the Zoning Commissioner or of the County Board of Appeals, as the case may be * * *." Nevertheless, the Council refused to approve the reclassification, by a vote of three to one, three members abstaining.

The Baltimore County Zoning Enabling Act (Chapter 247, Acts of 1941), empowered the County Commissioners to appoint a Zoning Commissioner and a Board of Zoning Appeals, and by Chapter 502, Acts of 1945 and Chapters 369,

364 and 365, Acts of 1953, incorporated in the Code of Public Local Laws of Baltimore County, (1955 ed.) as sec. 532, the County Commissioners were empowered to pass regulations, in accordance with a comprehensive zoning plan, and to delegate certain authority to the Zoning Commissioner. Sec. 532(c) set up the machinery for establishing the various zones and territorial divisions, upon recommendation of the Zoning Commissioner after public hearing by him, and after public hearing by the County Commissioners upon his final report. The section provided that the County Commissioners should have power, from time to time, upon recommendation of the Zoning Commissioner, and after hearing by him and by them, to amend, supplement or repeal the regulations adopted by them, "but with respect to the *boundaries* of zoning districts, divisions or zones the County Commissioners may impose on and vest in the Zoning Commissioner the power to amend, supplement or *change,* from time to time, the *boundaries* of such zoning districts, divisions or zones, *provided* that the Zoning Commissioner shall hold a public hearing or hearings on any proposed amendment, supplement or change. No such amendment, supplement or *change,* however, *shall become effective and binding until it shall have been approved in writing by the County Commissioners,* but no notice and public hearing before the County Commissioners shall be necessary before such approval." (Italics supplied.)

Sec. 500.2 of the Zoning Regulations likewise calls for written approval by the County Commissioners before any change in the boundaries of a zone, submitted by the Zoning Commissioner after the time for appeal has expired, shall become effective and binding. Sec. 500.3 provides that if, upon appeal to the Board of Zoning Appeals, a reclassification denied by the Zoning Commissioner is granted, he shall "forthwith" submit said reclassification to the County Commissioners for "their written approval". Sec. 500.12 provides that if a reclassification is denied he shall not entertain another application for reclassification within 18 months from the date of his final order, or the final order of the Board.

Under sec. 306 of the Home Rule Charter, adopted November 6, 1956, it is provided that all legislative powers here-

tofore exercised by the County Commissioners shall be vested in the County Council. In sec. 522 the powers heretofore exercised by the Zoning Commissioner were confirmed and continued, subject to change by the Council in the exercise of its legislative function. It is conceded that the County Council has not rescinded or altered in any respect the powers previously conferred upon the Zoning Commissioner and the Board of Zoning Appeals. It is also conceded that in no previous instance has the County Council, or its predecessor, the County Commissioners, disapproved or failed to approve a change in boundaries recommended by the Zoning Commissioner under sec. 532(c) of the local Code.

Sec. 532(f) of the local Code calls for the appointment of a Board of Zoning Appeals and provides for appeals to it "from any decision of the Zoning Commissioner." Subsections (g) and (h) provide for further review, by certiorari, to the Circuit Court, and by appeal to this Court. Cf. Code (1957), Art. 66B, sec. 22 (i) and (o) of the Public General Laws. Under section 532(g), the petition for certiorari must set forth that "such decision is illegal, in whole or in part, specifying the ground of the illegality. Such petition shall be presented to the court within thirty (30) days after the filing of the decision in the office of the Board.

It is conceded that mandamus will not lie to control the exercise of judgment and discretion by public officials. Cf. *Board of County Commissioners of Baltimore County et al. v. Oxford Development Company,* 209 Md. 373, 378 and cases cited. The appellee contends, and the trial court found, that approval by the County Council is a purely ministerial act, involving no judgment or discretion and no power to disapprove. Reliance is placed upon our observation in *Temmink et al. v. Board of Zoning Appeals for Baltimore County et al.,* 205 Md. 489, 493, that under the authority conferred by Chapter 502, Acts of 1945, the County Commissioners had "vested in the Zoning Commissioner the power to reclassify tracts of land." That statement, which was in no sense a holding in the case, must be qualified to the extent that the statute plainly calls for approval by the Commissioners (now the County Council) of every reclassi-

fication. The point now before us was not in issue. It is almost uniformly held that the word "approved" connotes a confirmation and involves the exercise of judgment and discretion. See *McCarten v. Sanderson et al.*, 109 P. 2d 1108 (Mont.) ; *Harris et al. v. Board of Education of Vance County et al.*, 4 S. E. 2d 328 (N. C.) ; *Powers et al. v. Isley et al.*, 183 P. 2d 880 (Ariz.) ; *Leroy et al. v. Worcester St. Ry. Co.*, 191 N. E. 39 (Mass.). The case of *State ex rel. Great Falls Housing Authority v. City of Great Falls et al.*, 100 P. 2d 915 (Mont.), relied on by the appellee, is not in point. The cases also recognize that the requirement of approval implies the power to disapprove.

This is particularly true where the effectiveness of the action taken is made to depend upon the approval of a public body possessing legislative powers. We have noted in several cases that the power to rezone is legislative in character. See *Marino et al. v. Mayor and City Council of Baltimore et al.*, 215 Md. 206, 222; *Fuller et al. v. County Commissioners of Baltimore County et al.*, 214 Md. 168, 172; Cf. *Mayor and City Council of Baltimore v. William T. Biermann*, 187 Md. 514, 523. Whether the Council could have delegated its entire legislative power in this field to an administrative official is a question we do not reach. Plainly, the statute does not confer finality upon the decision of the Zoning Commissioner to change boundaries by reclassification. The fact that the Council, and its predecessor, has always heretofore approved such action does not establish an administrative practice or a lack of power to disapprove in an appropriate case. We must assume that the public body, whose approval is required to make the action effective, has considered each case upon its merits. The occasion for disapproval may never have arisen. The Council takes the position that it is not legally bound, in all cases, to act as a "rubber stamp", particularly where there is in immediate prospect a rezoning of the entire district in a comprehensive way.

The appellee argues that it is "incomprehensible" that a person seeking a reclassification should be granted the right to file a petition to that end, succeed before the Zoning Com-

missioner and the Board on appeal, successfully defend the reclassification in the trial court and in this Court, and then be denied approval by the Council without a hearing. Whether the Council could postpone its action until after judicial review is a question we need not now decide. The Zoning Commissioner must certify favorable action of the Board to the Council "forthwith", and the Regulations seem to contemplate action by the Council before the time for filing a petition for certiorari has expired. In the instant case there was no appeal from his action, so the question posed is not before us. The fact that the failure of the Council to approve cuts off his right to maintain in court the legality of the action of the Zoning Commissioner is not significant. That question is now moot, even if it were not established by the failure of the protestants to appeal to the Board. The appellee is in no worse position than it would have been if the Council had exercised its power to deny reclassification without the aid of any administrative findings. A public hearing is not necessary where the action is approved. It is, of course, a usual, though not always a necessary, prelude to action by a legislative body. The record does not show that a hearing was requested. Whether the 18 months' provision is applicable under such circumstances we likewise leave open.

Sec. 308 (d) of the Charter provides that legislative acts passed by the Council require the affirmative vote of at least four members. No question is raised on this appeal as to whether this section is applicable to the action taken in the instant case, or as to the validity of the Council's action in disapproving, or failing to approve, the reclassification by the affirmative vote of only three members. We express no opinion on the point, but assume for present purposes that the action taken amounted to disapproval.

*Order reversed and petition dismissed, costs to be paid by the appellee.*