## AGRARIAN, INC. *v.* ZONING INSPECTOR OF HARFORD COUNTY ET AL.

[No. 446, September Term, 1970.]

*Decided June 2, 1971.*

330

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Raymond J. Coughlan, Jr.*, and *Michael P. Crocker* for appellant.

*J. Wilmer Cronin* and *Philip O. Foard*, with whom were *George W. White, Jr., Buckmaster, White, Mindel & Clarke* and *Robert H. Archer, Jr.*, on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

This is a short case, soon decided. The appellant corporation, Agrarian, Inc., owns two separate tracts of land in Harford County, each of which it has divided into lots, eighteen in one tract and ten in the other shown on recorded plats, all in due compliance with the sub-division regulations of the County. Each tract lies in an A-1 Agricultural District as provided for in Article 7 of the Zoning Ordinance of Harford County. A permitted use in such districts under Article 7.012 is "Single-family and two-family (detached) dwellings, and individual trailers for single family occupancy when located on an individual lot." Agrarian applied to the Zoning Inspector (defined in Art. 4.50 of the Zoning Ordinance as "The Zoning Inspector (Administrative Officer) or his authorized representative, appointed by the Board of County Commissioners of Harford County") for permits authorizing the use of a lot in each tract "for the location thereon of an individual trailer for single family occupancy." The Zon-

ing Officer refused to issue the permits on the ground that the proposed use was contrary to the sub-division agreement covering the tract (although it may well be that the underlying reason for the refusal was the fear of the County that each of the twenty-eight lots would soon hold a trailer, and therefore there would come into being trailer camps that were not subject to the zoning regulations governing such camps).

The Zoning Ordinance of Harford County, pursuant to Code (1970 Repl. Vol.), Art. 66 B, creates a Board of Appeals. Article 20.32 provides:

> "An Appeal to the Board may be taken by any person aggrieved, or by any officer, department, board, or bureau of the County affected, by any decision of the Zoning Inspector. Such appeal shall be taken within twenty (20) days after the decision by filing with the Zoning Inspector and with the Board a notice of appeal specifying the grounds thereof."

Article 20.41 provides:

> "The Board of Appeals shall have the power to hear and decide Appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official under the provisions of this Ordinance."

Under Article 20.33 any party adversely affected by a decision of the Board may appeal to the Circuit Court on the ground that the decision was illegal and then appeal to the Court of Appeals from the determination of the Circuit Court.

Agrarian did not appeal to the Board from the action of the Zoning Officer but instead filed petitions for mandamus against the Officer and the County Commissioners to compel the issuance of the permits on the ground that the Officer must perform his ministerial duty and his failure to do so deprived Agrarian of its property

without due process. Judge Dyer sustained demurrers to the petitions, rightly we think.

It is well established that a claimant ordinarily must seek to redress the wrong of which he complains by using the statutory procedure the legislature has established for that kind of case, if it is adequate and available, and that if he is unsuccessful and wishes aid from the courts, he must take judicial appeals in the manner the legislature has specified rather than by seeking to invoke the ordinary general jurisdiction of the courts. *Lee v. Sec. of State & Mahoney*, 251 Md. 134, 139; *Albert v. Public Service Commission of Maryland*, 209 Md. 27; *Schneider v. Pullen*, 198 Md. 64, 68 ("We have consistently held that where a special form of remedy is provided, the litigant must adopt that form and must not by-pass the administrative body or official, by pursuing other remedies.").

The established rule has been followed in zoning cases. *Baltimore v. Seabolt*, 210 Md. 199; *Poe v. Baltimore City*, 241 Md. 303; *Gingell v. County Commissioners*, 249 Md. 374; 3 Rathkopf, *The Law of Zoning and Planning* (3rd ed.) "Mandamus", § 5, p. 68-15 and § 6, p. 68-19 ("Even where the refusal of the building inspector to issue a permit is based upon an obviously erroneous interpretation of the ordinance, the existence of a statutory right of appeal to the board of appeals precludes mandamus.").

Appellant did not allege in the petitions for mandamus that it had availed itself of and exhausted the special statutory remedies made available to it by the Zoning Ordinance of Harford County. This alone made the petitions subject to demurrer. *Myers v. Chief of Fire Bureau*, 237 Md. 583, 590-591. We were told at the argument that if the appeal were affirmed new applications could be made to the Zoning Officer and if the permits were again refused, appeals to the Board of Appeals could be taken and Harford County would not contend that the Board or the courts were without jurisdiction to hear and decide the appeals. Our decision herein is

without prejudice to the right of Agrarian to proceed as suggested.

*Order affirmed, with costs.*