562 A.2d 700

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY**

v.

**SECRETARY OF PERSONNEL, STATE of MARYLAND, et al.**

**No. 136, Sept. Term, 1987.**

Court of Appeals of Maryland.

Aug. 31, 1989.

Sheldon L. Gnatt (Paul M. Nussbaum and Reichelt, Nussbaum, Brown, Dukes & La Placa, all on brief), Greenbelt, for appellant & cross-appellee.

Ralph S. Tyler, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., James F. Truitt, Jr., and David R. Durfee, Jr., Asst. Attys. Gen., all on brief), Baltimore, for appellee & cross-appellant.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

This case arises from a dispute between two State agencies, the Board of Education for Prince George's County [1] and the Maryland Department of Personnel, Division of Social Security. The Board sought mandamus relief in the Circuit Court for Prince George's County. The court granted in part and denied in part the requested relief. Because we conclude that the Board was entitled to no mandamus relief, we affirm in part and reverse in part the judgment of the court below.

The State of Maryland makes payments to the Contribution Fund established by Maryland Code (1957, 1988 Repl. Vol.) Art. 73B, § 40, for the purpose of providing Social Security coverage and retirement benefits to certain government employees, including public school teachers. Pursuant to its authority under Art. 73B, § 39, the Department of Personnel, Division of Social Security, performed audits of payments made by the State, on behalf of Board employees, between 1976 and fiscal year 1984. The audits determined that the State had made payments on behalf of Board employees who were ineligible for State payment of employer costs of Social Security. The audits also revealed that certain payments made by the State for the employer costs duplicated payments made by the State through Maryland Department of Transportation funding separately provided to the Board. As a result of these audits, the Department of Personnel issued assessments against the Board in the amount of $876,399.78.

On July 8, 1985, the Board notified the Department of Personnel that it was appealing the audit findings and requested a hearing, citing as the "applicable regulatory authority" COMAR § 17.02.03.01 *et seq.* The regulations in

---

1. Hereinafter referred to as the "Board."

this chapter specifically deal with contested case hearings conducted by the Maryland Department of Budget and Fiscal Planning pursuant to the Administrative Procedure Act, Code (1984), §§ 10–101 through 10–405 of the State Government Article. Subsequently, the Department of Budget and Fiscal Planning informed the Board that it had scheduled a pre-hearing conference and a hearing on the Board's appeal "in accordance with Article 73B, Section 39, Annotated Code of Maryland." The statute referred to provides in subsection (e), among other things, that

"(2)(i) If an audit of the records of a school system, public library, or educational institution reveals that the system, library, or institution owes money to the Contribution Fund, any delinquent payment may not be collected until:

1. The school system, public library, or educational institution has an opportunity to appeal the decision to a hearing examiner who shall be appointed by the Secretary of the Department of Budget and Fiscal Planning and

2. The hearing examiner finds that the funds are owed to the Contribution Fund.

(ii) If the hearing examiner determines that moneys are owed to the Contribution Fund, the moneys shall be deducted from any State funds that would otherwise be paid to the school system, public library, or educational institution.

(iii) *An appeal taken pursuant to this paragraph is not a contested case, for the purposes of the Administrative Procedure Act.*" (Emphasis added).

A pre-hearing conference was held on May 29, 1986, with a hearing scheduled for June 5, 1986. At the pre-hearing conference, the Board requested that the hearing be a "contested case" hearing under the Maryland Administrative Procedure Act, with a reporter present. The hearing examiner denied this request.

On June 4, 1986, the day before the scheduled hearing, the Board, pursuant to subtitle 3 of the Administrative

Procedure Act, §§ 10–301 through 10–305 of the State Government Article, presented the Secretary of Personnel with a petition for a declaratory ruling.[2] The petition sought a ruling on a number of matters including the authority of the Department of Personnel to determine which positions are ineligible for State payment of employer costs of Social Security, whether the scheduled hearing was the Board's sole recourse for challenging the audits, and whether the Board was entitled to a review of the audit and assessment under the contested case provisions of the Administrative Procedure Act, § 10–201 *et seq.* of the State Government Article.[3]

---

**2.** The Secretary of Personnel is the head of the Department of Personnel. *See* Code (1957, 1986 Repl.Vol.), Art. 41, § 9–101.

**3.** The Petition for Declaratory Ruling, after reciting the facts leading up to the hearing, sought a declaratory ruling with respect to the following questions:

"A. Whether [the Department of Personnel] has the authority to designate positions as ineligible for State payment of the employer cost of FICA or whether that authority rests with the Board of Trustees of the Retirement Systems of the State of Maryland, pursuant to MD.ANN.CODE, Art. 73B, § 81(3).

"B. Whether the [Department of Personnel], if it is empowered to designate ineligible positions, is required to do so by 'rules and regulations' pursuant to the Administrative Procedure Act (MD. ANN.CODE, State Govt. Art., §§ 110, *et seq.*).

"C. Whether the attempts by the [Department of Personnel] to recapture duplicate payments for FICA and retirement for Bus Aides require formal rulemaking pursuant to the Administrative Procedure Act, *supra.*

"D. Whether, as to Bus Aides, the grant funding instituted in Fiscal 1982 includes amounts for employer fringe benefits, specifically FICA and retirement.

"E. Whether the auditors' assessments improperly seek to recapture the full amount of FICA and retirement paid by the State on behalf of Bus Aides, despite the fact that the amount of actual 'duplication' of payment is only to the extent of the amount of grant money attributable to the specific fringe benefits: FICA and retirement.

"F. Whether [the Department of Personnel] is entitled to recapture purported duplicated payment of retirement contributions on behalf of Transportation Assistants, inasmuch as the pre–1982 transportation formula never included payment of fringe benefits for those positions and absent any express provisions that the grants

On the same day, June 4, 1986, the Secretary of Personnel declined to issue a declaratory ruling, stating that it would be "inappropriate ... to issue a Declaratory Ruling on a matter that is to be heard and decided tomorrow." The next day, June 5, 1986, at the hearing, the Board requested that the hearing be held in abeyance pending the determination of the issues raised in the petition for declaratory ruling. The hearing examiner denied the request to hold the hearing in abeyance. The Board's counsel then refused to participate, insisted that the hearing be held in abeyance, and left the hearing. The hearing examiner thereupon adjourned the proceeding.

On June 10, 1986, the Board again requested that the Secretary of Personnel rule on the issues raised in the petition for declaratory ruling. On July 8, 1986, the hearing examiner ordered that the Board's appeal be dismissed, with prejudice, for lack of prosecution. On July 9, 1986, the Secretary of Personnel again declined to issue a declaratory ruling.

On August 7, 1986, the Board instituted the present action by filing a complaint for a writ of mandamus in the Circuit Court for Prince George's County. Named as defendants were the Secretary of Personnel, the Director of the Division of Social Security in the Department of Personnel, the Secretary of Budget and Fiscal Planning, and an administrative officer in the Department of Budget and Fiscal Planning who had served as the hearing examiner.

The Board alleged that the defendants had acted arbitrarily, capriciously, and unreasonably in not granting the

---

paid beginning in fiscal 1982 include funds for such employees' fringe benefits.

"G. Whether the hearing before Richard L. Andrews, Administrative Officer, Department of Budget and Fiscal Planning, pursuant to MD.ANN.CODE, Art. 73B, § 39(e), is the sole recourse available to the Petitioner to seek a retraction of the above-described audit assessments.

"H. Whether the Petitioner is entitled to review of the above-described audit assessments pursuant to the Administrative Procedure Act, MD.ANN.CODE, State Govt. Art., §§ 10–201, *et seq.*"

Board's request for a contested case hearing, in refusing to issue a declaratory ruling in response to the Board's petition, and in refusing to hold the hearing in abeyance pending the issuance of a declaratory ruling. The complaint requested a writ of mandamus compelling the defendants to convene a contested case hearing and compelling the Secretary of Personnel to issue a declaratory ruling in response to the Board's petition.[4] The defendants filed a motion to dismiss.

After a hearing, the circuit court issued a writ of mandamus compelling the Secretary of Personnel to render a declaratory ruling as to whether the Board "is entitled to a contested case hearing under § 39(e) of the Article 73B." The court denied the Board's request for mandamus relief in all other respects. The Board appealed from this order, alleging that the circuit court improperly denied the other requested relief. The defendants cross-appealed from the issuance of the writ of mandamus compelling the Secretary of Personnel to render a declaratory ruling. Prior to any proceedings in the Court of Special Appeals, this Court issued a writ of certiorari.

(1)

We shall first address the Board's appeal from the circuit court's refusal to compel the defendants to convene a contested case hearing regarding the audit findings. The defendants contend that the appeal and hearing provided for in Art. 73B, § 39(e), is the exclusive remedy available for the Board to challenge the audits. Since that provision specifically states that the appeal "is not a contested case, for the purposes of the Administrative Procedure Act," the defendants conclude that the Board has no right to a contested case hearing and that the Department of Budget and Fiscal Planning has no duty to conduct one. Thus, in

---

4. The complaint also asked that the defendants be compelled to hold the 73B, § 39(e), hearing in abeyance and defer all efforts to recover the disputed sums until the issuance of a declaratory ruling or the convening of a contested case hearing.

the defendants' view, the court below properly denied the Board's request for a writ of mandamus compelling the agency officials to conduct a contested case hearing.

The Board, on the other hand, asserts that the hearing called for in § 39(e) is not its sole remedy. The Board stresses the underscored portion of this Court's language in *Agrarian, Inc. v. Zoning Inspector,* 262 Md. 329, 332, 277 A.2d 591, 592 (1971), wherein the Court stated (emphasis added):

> "It is well established that a claimant ordinarily must seek to redress the wrong of which he complains by using the statutory procedure the legislature has established for that kind of case, *if it is adequate and available* and that if he is unsuccessful and wishes aid from the courts, he must take judicial appeals in the manner the legislature has specified rather than by seeking to invoke the ordinary general jurisdiction of the courts."

In the Board's view a hearing pursuant to § 39(e) is inadequate and inapplicable to an adjudication of its appeal because a § 39(e) hearing serves the limited purpose of "deciding whether the Board ... 'owes money' to the State and whether the State is due the 'delinquent payments.'" (Board's Brief, p. 17). Thus, presumably, the Board views the § 39(e) hearing as restricted to considering the accuracy of the audit's calculations. The Board asserts that its appeal raises legal issues beyond the scope of the audit's accuracy. Specifically, the Board broadly challenges the Department of Personnel's authority to determine which employees are eligible for State payment of employer costs, to determine that State payments duplicated prior State payments, and to recapture past State payments. Furthermore, the Board claims that a hearing examiner appointed by the Department of Budget and Fiscal Planning would lack the knowledge and expertise to determine these matters.

In our view, the circuit court properly denied the Board's request for a writ of mandamus compelling the Department of Budget and Fiscal Planning to conduct a contested case

hearing. A claimant seeking to challenge an audit must use the procedure established by Art. 73B, § 39(e). And, under the plain language of that statute, the administrative proceeding "is not a contested case."

We are unpersuaded by the Board's assertion that § 39(e) is inapplicable to its claim that the Department of Personnel lacked authority to make various determinations which affected the outcome of the audit. Nothing in the language or legislative history of the statute supports the Board's view that an appeal under § 39(e) was not intended to encompass claims of the type which the Board raises. On the contrary, the language of § 39(e) gives a hearing examiner broad power to determine whether "funds are owed to the Contribution Fund." The statutory language does not limit the grounds on which a hearing examiner could conclude that the moneys at issue are not owed to the Contribution Fund. The fact that Art. 73B, § 39(e), places the hearing under the control of the Department of Budget and Fiscal Planning, rather than the Department of Personnel, makes it entirely reasonable for the hearing examiner to consider questions concerning the scope and exercise of the Department of Personnel's authority.

In sum, the Administrative proceeding under § 39(e) covers the Board's challenge to the audit. Moreover, the Board has cited no other statutory provision, and we are aware of no other provision, which would encompass the Board's challenge to the audit.

"Ordinarily, where a statutory administrative remedy is provided, it will be deemed to be exclusive." *Sec., Dep't of Human Res. v. Wilson,* 286 Md. 639, 643–644, 409 A.2d 713, 716 (1979). As we stated in *Oxtoby v. McGowan,* 294 Md. 83, 91, 447 A.2d 860, 865 (1982):

> "Where the General Assembly has provided a special form of remedy and has established a statutory procedure before an administrative agency for a special kind of case, a litigant must ordinarily pursue that form of remedy and not bypass the administrative official."

*See also, e.g., Muhl v. Magan,* 313 Md. 462, 480–481, 545 A.2d 1321, 1330–1331 (1988); *Quesenberry v. WSSC,* 311 Md. 417, 424, 535 A.2d 481, 484 (1988); *Md.-Nat'l Cap. P. & P. Comm'n v. Crawford,* 307 Md. 1, 13, 511 A.2d 1079, 1085 (1986); *Bd. of Ed. For Dorchester Co. v. Hubbard,* 305 Md. 774, 786–787, 506 A.2d 625, 630–631 (1986); *White v. Prince George's Co.,* 282 Md. 641, 649, 387 A.2d 260, 265 (1978); *Agrarian, Inc. v. Zoning Inspector, supra,* 262 Md. at 332, 277 A.2d at 592. Applying this settled principle to the instant case leads to the conclusion that the administrative remedy provided by § 39(e) is the Board's exclusive remedy and should have been followed by the Board.

The underlying concern on the part of the Board seems to be that, absent a contested case hearing at the administrative level, the Board will not be entitled to judicial review of the administrative decision concerning the audits and the moneys due the Contribution Fund. The Administrative Procedure Act, § 10–215(a) of the State Government Article, provides that "[a] party who is aggrieved by the final decision *in a contested case* is entitled to judicial review of the decision...." (Emphasis added). The General Assembly specified that the administrative proceeding under Art. 73B, § 39(e), "is not a contested case, for purposes of the Administrative Procedure Act." Consequently, the General Assembly obviously intended that there be no judicial review of the § 39(e) administrative decision.

The Board seeks a contested case administrative proceeding, instead of proceeding under § 39(e), so that it will be entitled to judicial review. It argues that it is constitutionally entitled to a hearing which will be subject to judicial review, relying on *Criminal Inj. Comp. Bd. v. Gould,* 273 Md. 486, 500–502, 331 A.2d 55 (1975). Specifically, the Board quotes the following from the *Gould* case (Board's Brief, p. 23, quoting 273 Md. at 500–502, 331 A.2d at 64–65):

" 'The Legislature cannot, of course, interfere with the judicial process by depriving litigants from raising questions involving their fundamental rights in any appropriate judi-

cial manner, nor can it deprive the courts of the right to decide such questions in an appropriate proceeding.' "

\* \* \* \* \* \*

"[T]his Court, in a long line of cases, has consistently held that the Legislature cannot divest the courts of the inherent power they possess to review and correct actions by an administrative agency which are arbitrary, illegal, capricious or unreasonable."

As the above-quoted language shows, the doctrine referred to in the *Gould* case relates to "depriving litigants from raising questions involving their fundamental rights," 273 Md. at 500, 331 A.2d at 64–65. *Gould,* and the earlier cases on which *Gould* relies, indicate that a legislative attempt to deprive a litigant of judicial review, under some circumstances, is unconstitutional.

■ In the present context, however, the lack of judicial review of the administrative decision regarding the audit and the moneys owed to the Fund does not involve any constitutional right of the Board. Art. 73B, § 39(e), reflecting the legislative intent that the administrative proceeding to review the audits shall not be subject to judicial review, has no constitutional infirmity which can be raised by the Board under the circumstances here. The reason is that the Board is a state government agency; it is a creature of the State, an arm of the State.[5]

■ State agencies and political subdivisions, "as creatures of the State, have 'no right to question the constitutionality of the acts of [their] superior and creator,' " *Baltimore County v. Churchill, Ltd.,* 271 Md. 1, 6, 313 A.2d 829, 832, *appeal dismissed,* 417 U.S. 902, 94 S.Ct. 2594, 41

---

**5.** It is settled that county boards of education are State agencies. *See, e.g., Rucker v. Harford County,* 316 Md. 275, 283–284, 558 A.2d 399, 403 (1989); *Bd. of Educ. v. P.G. Co. Education Ass'n,* 309 Md. 85, 95 n. 3, 522 A.2d 931, 936 (1987); *McCarthy v. Bd. of Education of A.A. Co.,* 280 Md. 634, 649–650, 374 A.2d 1135, 1143–1144 (1977); *Dean v. Board of Educ. of Cecil Co.,* 71 Md.App. 92, 98 523 A.2d 1059, 1062, *cert. denied,* 310 Md. 490, 530 A.2d 272 (1987).

L.Ed.2d 207 (1974), quoting *Columbia County v. Board of Trustees,* 17 Wis.2d 310, 317, 116 N.W.2d 142, 146 (1962). The Court went on in the *Churchill* case to set forth "the prevailing rule, that a subdivision or other arm of a state does not, in general, have standing to contest the constitutionality, under either the federal or state constitution, of any act of the state." 271 Md. at 7, 313 A.2d at 833. *See, e.g., State v. Burning Tree Club,* 301 Md. 9, 18–26, 481 A.2d 785, 789–793 (1984); *State's Atty. v. City of Baltimore,* 274 Md. 597, 602, 337 A.2d 92, 96 (1975); *City of Baltimore v. Concord,* 257 Md. 132, 138–139, 262 A.2d 755, 758–759 (1970); *Duvall v. Lacy,* 195 Md. 138, 143, 73 A.2d 26, 27–28 (1950). *See also Williams v. Mayor of Baltimore,* 289 U.S. 36, 40, 53 S.Ct. 431, 432, 77 L.Ed. 1015, 1020 (1933). Although, as the above-cited cases point out, there are exceptions to this principle, none of the exceptions is applicable to the present case. Consequently, the Board's argument, based upon an asserted constitutional right to judicial review and the asserted invalidity of the legislative intent to preclude judicial review, must fail.

As the Board had no right to a "contested case" hearing, and as the administrative proceeding under Art. 73B, § 39(e), was the appropriate remedy for the Board's complaints, the circuit court properly denied the Board's request for a writ of mandamus to compel the agency officials to convene a "contested case" hearing.

(2)

Our holding above is essentially dispositive of the defendants' cross-appeal from the issuance of a writ of mandamus compelling the Secretary of Personnel to render a declaratory ruling as to whether the Board was entitled to a contested case hearing. We have just held, as a matter of law, that the Board's exclusive remedy was the administrative proceeding under Art. 73B, § 39(e), and that the hearing under § 39(e) is not a contested case hearing. It would be a useless exercise to mandate that the Secretary of Personnel now render a declaratory ruling on this issue.

Apart from our present holding with respect to § 39(e), however, the circuit court clearly erred in issuing a writ of mandamus.

Long ago Judge Alvey, writing for the Court in *George's Creek Coal & Iron Co. v. County Comm'rs of Allegany Co.*, 59 Md. 255, 259 (1883), said of the writ of mandamus: "[I]t can only be resorted to to supply the want of some more appropriate ordinary remedy. Its office, as generally used, is to compel corporations, inferior tribunals, or public officers to perform their functions, or some particular duty imposed upon them, which, in its nature, is imperative, and to the performance of which the party applying for the writ has a clear legal right. The process is extraordinary, and *if the right be doubtful, or the duty discretionary, or of a nature to require the exercise of judgment*, or if there be any ordinary adequate legal remedy to which the party applying could have recourse, *this writ will not be granted.*" (Emphasis added.)

*See Bovey v. Exec. Dir., Health Claims*, 292 Md. 640, 644–647, 441 A.2d 333, 336–337 (1982), and cases there reviewed. The principle that mandamus ordinarily will not lie to control the exercise of discretion has been reiterated by this Court on many occasions. *See, e.g., In re Petition For Writ of Prohibition*, 312 Md. 280, 305–306, 539 A.2d 664, 676 (1988); *Md. Act. For Foster Child. v. State*, 279 Md. 133, 138–139, 367 A.2d 491, 494 (1977); *State's Atty. v. City of Baltimore, supra*, 274 Md. at 608, 337 A.2d at 99 (1975); *Whittle v. Munshower*, 221 Md. 258, 260, 155 A.2d 670, 671–672 (1959), *cert. denied*, 362 U.S. 981, 80 S.Ct. 1069, 4 L.Ed.2d 1016 (1960); *Baltimore County v. Egerton Realty*, 217 Md. 234, 238, 140 A.2d 510, 511–512 (1958); *Pressman v. Elgin*, 187 Md. 446, 451, 50 A.2d 560, 563 (1947); *Brack v. Wells*, 184 Md. 86, 90, 40 A.2d 319, 321 (1944); *Red Star Line v. Baughman*, 153 Md. 607, 610, 139 A. 291, 293 (1927).

■ Whether or not to issue a declaratory ruling under the Administrative Procedure Act is clearly a matter of the agency's discretion. Section 10–305(a) of the State Govern-

ment Article states that an agency *"may* issue a declaratory ruling." (Emphasis added). The court below acknowledged, and the Board concedes, that in light of the statutory language, the issuance of declaratory rulings is discretionary. Consequently, it would seem to follow that mandamus will not lie to control the Secretary's exercise of discretion in this regard.

The Board, while agreeing that mandamus ordinarily will not lie to control the exercise of discretion, relies on cases recognizing an exception to this principle where public officials or agencies engage in "arbitrary abuses of discretion." The Board points to language in *State Dep't of A. & Tax. v. Clark,* 281 Md. 385, 398, 380 A.2d 28, 36 (1977); *Criminal Inj. Comp. Bd. v. Gould, supra,* 273 Md. at 500–501, 331 A.2d at 65; and *State Health Dep't v. Walker,* 238 Md. 512, 523, 209 A.2d 555, 561 (1965) ("While as a general rule mandamus is not proper to review non-ministerial acts of public officials or agencies, this Court has recognized that such will lie to remedy arbitrary abuses of discretion"). The Board asserts that the Secretary of Personnel's refusal to issue a declaratory ruling in this case was an arbitrary abuse of discretion, and thus mandamus will lie.

The cases relied on by the Board, as well as other opinions indicating that, under some circumstances, mandamus will lie to remedy clear abuses of discretion by government officials or agencies, all involve claims of personal rights or property rights of *private* individuals or entities. It is very doubtful that these cases, and the principle they set forth, have any application to an action for mandamus by one state government agency against another state government official or agency.

Nevertheless, we shall assume arguendo that the Board would have been entitled to mandamus relief if the Secretary's refusal to issue a declaratory ruling was a clear abuse of discretion. Under the circumstances, the Secretary's action was not an abuse of discretion.

Preliminarily, it is questionable that the Board was entitled to seek a declaratory ruling under the Administrative Procedure Act. Subtitle 3 of the Administrative Procedure Act, constituting §§ 10–301 through 10–305 of the State Government Article of the Code, contains the authorization for administrative declaratory rulings. Section 10–303 of subtitle 3 states:

> "A political subdivision of the State or an instrumentality of a political subdivision is entitled, to the same extent as other legal entities, to be an interested person, party, or petitioner in a matter under this subtitle, including an appeal."

In *Bd. of Ex. of Land, Arch. v. McWilliams*, 270 Md. 383, 387, 311 A.2d 792, 795 (1973), this Court indicated that the quoted language was "not . . . of sufficient scope" to give a *State* agency "the status of an interested person, petitioner, or party, as the case may be. . . ."

Even if the Board was entitled to request a declaratory ruling, the Secretary of Personnel still did not abuse his discretion in declining to render one. The request for a declaratory ruling was not timely, having been filed on the eve of the scheduled hearing. Moreover, the issues which the Secretary of Personnel was asked to decide by the declaratory ruling were being raised in the hearing before the Department of Budget and Fiscal Planning. It is a settled principle that "[w]here there exists a pending action presenting an issue, a party to that action ordinarily may not obtain a resolution of the issue by filing a separate declaratory judgment action." *Turnpike Farm v. Curran*, 316 Md. 47, 49, 557 A.2d 225, 226 (1989). *See Haynie v. Gold Bond Bldg. Products*, 306 Md. 644, 650–652, 511 A.2d 40, 43–44 (1986), and cases there reviewed. While our prior cases applying this principle have involved requests to a court for a declaratory ruling, we believe that the principle is fully applicable to requests for a declaratory ruling under subtitle 3 of the Administrative Procedure Act.

The circuit court, therefore, erred in issuing writ of mandamus to the Secretary of Personnel.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED IN PART AND REVERSED IN PART, AND CASE REMANDED TO THAT COURT FOR THE ISSUANCE OF A JUDGMENT DISMISSING THE COMPLAINT. COSTS IN THIS COURT AND IN THE CIRCUIT COURT TO BE PAID BY THE BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY.