947 A.2d 149

MARYLAND–NATIONAL CAPITAL PARK
AND PLANNING COMMISSION

v.

Kathleen ANDERSON, et al.

No. 955, Sept. Term, 2007.

Court of Special Appeals of Maryland.

May 5, 2008.

**614**

616

---

William C. Dickerson (Jared M. McCarthy, Adrian R. Gardner, General Counsel, on brief), Riverdale, for appellant.

Michael Marshall (Schlachman, Belsky & Weiner, on brief), Baltimore, for appellee.

Panel DAVIS, WOODWARD, LAWRENCE F. RODOWSKY (retired, specially assigned), JJ.

DAVIS, J.

This appeal is from a May 30, 2007 Order of the Circuit Court for Prince George's County dismissing a complaint for declaratory judgment, injunction and mandamus relief filed by the Maryland–National Capital Park and Planning Commission (Commission) to obtain review of the finding of an Administrative Hearing Board (Board) that appellee, Officer Kathleen Anderson, et al.,[1] was "not guilty" of unauthorized vehicular pursuit of a fleeing suspect.[2] Following the Board's "not guilty" finding, the Commission petitioned the circuit court for judicial review. The petition was dismissed for lack of statutory right to judicial review. This Court affirmed its dismissal. The Court of Appeals granted *certiorari* and, in concluding that the Law Enforcement Officers' Bill of Rights (LEOBR) is the exclusive remedial scheme governing disciplinary actions against law enforcement officers and that, under the LEOBR, there is no statutory right to judicial review of "not guilty" findings, the Court affirmed the judgment.

As an alternative mechanism for review, the Commission filed the complaint, naming appellee and the Board as defendants, seeking declaratory, injunctive and mandamus relief under a common law right to review. In response, appellees, along with the Administrative Hearing Board, filed a joint motion to dismiss. On May 30, 2007, the circuit court dismissed the complaint. On appeal, the Commission presents the following issue, which we have consolidated and rephrased: [3]

---

1. The Administrative Hearing Board has joined in this appeal, but has not filed a brief. Thus, we shall refer to Officer Anderson as appellee, recognizing that our decision in this opinion applies to her and the Administrative Hearing Board.

2. The Board proceeded with disciplinary proceedings under the Law Enforcement Officers' Bill of Rights (LEOBR), Md.Code (2003), Title 3, Subtitle 1 of the Public Safety Article.

3. The issues as framed by the Commission are as follows:

Whether the circuit court erred in dismissing the Commission's complaint for mandamus relief.

For the reasons that follow, we shall affirm.

## FACTS AND PROCEDURAL BACKGROUND

Although a recitation of the underlying facts is unnecessary for a resolution of the issues presented, they are set forth for the purpose of setting forth the genesis of this appeal. Appellee is an officer of the Prince George's County Park Police Department (Department), a division of the Maryland–National Capital Park Police. On September 8, 2001, appellee attempted to pull over a vehicle after running a registration check on the vehicle and learning that the license plates had been reported stolen. When the vehicle failed to stop, appellee activated her siren and pursued the speeding vehicle as it crossed back and forth over the center line of the road. Appellee indicated that she proceeded at a top speed of "between 35 and 40 [m.p.h.]" in the twenty-five to thirty miles-per-hour posted speed limit zone. The entire incident lasted "between seven and [ten] minutes" over a stretch of "maybe two and a half" miles. The chase ended when the driver's vehicle crashed into a fence and a telephone pole and the driver abandoned the moving vehicle and fled on foot. At that point in time, appellee stopped her police cruiser.

The Department charged appellee with violation of its vehicle pursuit policy.[4] A hearing was conducted on March 13 and

---

1. Whether the Circuit Court Erred as a Matter of Law in Granting Appellee's Motion to Dismiss and, In So Doing, Finding that Appellant Commission is not Entitled to Common Law Judicial Review of the Final Decision of an Administrative Hearing Board[.]

2. Whether the Circuit Court Erred as a Matter of Law in Granting Appellee's Motion to Dismiss and Denying Judicial Review on the Basis of the "Law of the Case[.]"

4. The Department's policy for vehicular pursuit of a fleeing suspect is codified in the Bi–County Directive 414 (BCD 414), effective January 1, 1979, as amended on May 9, 2001. Under the amended version, "fresh pursuit" is permitted only

when an officer has probable cause to believe that the fleeing suspect has committed or is attempting to commit the following:

14, 2003, by an administrative board, comprised of three park police officers, as required by the LEOBR [5]. Appellee and four witnesses were called to testify at the hearing. A video-tape of the incident obtained from appellee's police cruiser was also admitted into evidence. At the conclusion of the hearing, the Board exonerated appellee of the charges. On June 20, 2003, the Board issued a written opinion, setting forth its factual findings in support of its "not guilty" finding.

The Commission, aggrieved by the decision, petitioned the Circuit Court for Prince George's County for judicial review. Appellee responded with a Motion to Dismiss on grounds that the "not guilty" finding terminated the action. In addition, appellee argued that the Commission lacked standing to appeal a case to which it was not a party and, furthermore, that it was not entitled to judicial review of its own decision.[6] The court held a hearing on February 19, 2004. During the hearing, the Commission argued, in the alternative, entitlement to a common law right to review through a writ of mandamus. The court expressed its belief that mandamus was inappropriate at that juncture given that the right to judicial review under the LEOBR had not yet been determined; accordingly, the court decided that mandamus was not ripe for review.[7] Ultimately, the court concluded that the "finding of not guilty terminates the action and is not a final judgment that makes the action of the Trial Board ripe for appeal by the law enforcement agency" and, therefore, granted appellee's motion for dismissal.

---

● Any felony involving the use of force or threat of physical force or violence against a person.
● A hit and run traffic accident resulting in death or serious injury[.] All other pursuits are prohibited.

5. *See* Md.Code Ann., Public Safety § 3–107.

6. The Department is a subdivision of the Commission. Because the Board is composed of members of the Department, a decision by the Board is a decision of the Commission.

7. This colloquy becomes relevant to our discussion, *infra,* regarding the application of the law of the case doctrine to the instant appeal.

Following the dismissal, the Commission noted an appeal to this Court for judicial review. We affirmed the circuit court's judgment. *Md.-Nat'l Capital Park and Planning Comm'n v. Anderson,* 164 Md.App. 540, 884 A.2d 157 (2005) and the Court of Appeals granted *certiorari* to consider whether the Board's decision was subject to judicial review. *Md.-Nat'l Capital Park and Planning Comm'n v. Anderson,* 395 Md. 172, 909 A.2d 694 (2006). While the Court of Appeals' decision was still pending, the Commission, on June 28, 2006, filed a complaint, naming appellee and the administrative hearing board as defendants, seeking declaratory, injunctive and mandamus relief as alternative mechanisms for obtaining review. The Commission subsequently filed a motion to stay all proceedings until the Court of Appeals reached its decision because the Commission's complaint would be rendered moot if the Court concluded there was a statutory right of review.

### A. The Court of Appeals' Decision

The Court of Appeals' decision focused on the right to judicial review under two statutory schemes, the LEOBR and the Administrative Procedures Act (APA), codified in Md.Code Ann. (1984, 2004 Repl.Vol.), § 10–222 of the State Government Article. The Court concluded that the LEOBR superseded the APA in matters of disciplinary actions brought against law enforcement officers and that, under the LEOBR, "not guilty" findings are not subject to review.

Before arriving at this conclusion, the Court undertook an extensive examination of the statutory schemes, beginning with the legislative intent behind the enactment of the LEOBR. The underlying purpose of the Maryland General Assembly's enactment of the LEOBR was to provide law enforcement officers with procedural safeguards during disciplinary proceedings. *Anderson,* 395 Md. at 183–84, 909 A.2d 694; *see also Miner v. Novotny,* 304 Md. 164, 173, 498 A.2d 269 (1985). Those safeguards include a right to an administrative hearing in cases where an "investigation or interrogation of a law enforcement officer results in a recommendation of demotion, dismissal, transfer, loss of pay, reassignment, or

similar action that is considered punitive," prior to the law enforcement agency taking any action against the officer. Md.Code Ann., Public Safety § 3–107(a)(1) (2003). In these types of matters, the LEOBR is deemed the exclusive remedy. *Anderson,* 395 Md. at 183–84, 909 A.2d 694.

The first issue addressed by the Court was whether "not guilty" findings are subject to judicial review under the LEOBR. While § 3–108(a)(3) of the LEOBR directly addresses that issue, the parties ascribed different meanings to the language of that section. Section 3–108(a)(3) states that "[a] finding of not guilty terminates the action." The Commission interpreted this section to suggest the point at which the Board's decision is ripe for judicial review. *Anderson,* 395 Md. at 188, 909 A.2d 694. Appellee, on the other hand, maintained that the plain language of § 3–108(a)(3) indicates that a "not guilty" finding ends the litigation, without further recourse through judicial review. *Id.*

The Court turned to other provisions of the LEOBR for insight. Section § 3–109 provides guidelines for obtaining judicial review under the LEOBR. It authorizes "[a]n appeal from a decision made under § 3–108" to be taken "to the circuit court for the county in accordance with Maryland Rule 7–202," but it does not identify the parties who may take such appeal. In turn, Maryland Rule 7–202, entitled "Methods of Securing Review," provides that "[a] person seeking judicial review" . . . "shall file a petition for judicial review in a circuit court authorized to provide the review." The general provisions for judicial review of administrative agency decisions, found in Maryland Rule 7–201, govern actions "where judicial review is authorized by statute. . . ." Thus, when relevant portions of the LEOBR are read in conjunction with Maryland Rule 7–201, it is evident that judicial review is appropriate only where it is "authorized by statute." *Anderson,* 395 Md. at 187, 909 A.2d 694.

Applying principles of statutory construction and in reading sections of the LEOBR together, the Court concluded that the General Assembly did not authorize judicial review of "not

guilty" findings. *Id.* Section 3–108(a)(3) expressly states that a "not guilty" finding terminates the proceeding and, in that regard, constitutes a final decision, leaving nothing further for the agency to do. *Id.* at 188–89, 909 A.2d 694. While the LEOBR provides procedures for appealing "guilty" findings, the statute is silent as to appeals taken from "not guilty" findings. If the legislature intended that there be a right to review, it would have expressly included language to that effect. *Id.* From that, it is evident that the legislature intended only "guilty" findings to be subject to review. *Id.* at 189–90, 909 A.2d 694.

As an alternative method to obtain review, the Commission sought judicial review under the APA. Because § 3–102(a) of the LEOBR states that "[t]his subtitle supersedes any other law of the State, a county, or a municipal corporation that conflicts with this subtitle," the Commission argued that the LEOBR and the APA do not conflict. *Id.* at 191–92, 909 A.2d 694. This argument failed, according to the Court, because the two remedial schemes could not be reconciled. *Id.* The conflict lies in the divergent set of circumstances required by each of the statutory schemes before judicial review is permitted. *Id.* The LEOBR, for instance, prohibits review of "not guilty" findings. *Id.* Under the LEOBR, the Board's guilty findings are reviewed by the Chief, who then enters a final order.[8] *See id.* Only final decisions of the Chief, pursuant to § 3–108(d)(1), or his designee, pursuant to § 3–108(c)(1), are subject to review. *Id.* at 191–93, 909 A.2d 694. Section 10–222(a)(1) of the APA, on the other hand, more broadly, provides a right to judicial review to any "party who is aggrieved by the final decision in a contested case." Due to this direct

---

**8.** Section 3–108(d) of the LEOBR provides, in pertinent part:

(d)(1) Within 30 days after receipt of the recommendations of the hearing board, the chief shall:
(i) review the findings, conclusions, and recommendations of the hearing board; and
(ii) issue a final order.
(2) The final order and decision of the chief is binding and then may be appealed in accordance with § 3–109 of this subtitle.

conflict, the LEOBR, the exclusive remedial scheme for officers faced with disciplinary action, supersedes the APA and is controlling.

## B. Complaint for Common Law Remedies

Confronted with the Court of Appeals' decision, the Commission invoked its claim to a common law right to review. Appellee moved to dismiss the Commission's complaint for declaratory, injunctive and mandamus relief on grounds that the Court of Appeals' decision precluded judicial review. In appellee's view, the decision bars maintenance of *any* cause of action related to the Board's "not guilty" finding since the LEOBR is the exclusive remedy, which encompasses these common law rights. (Emphasis added.) Additionally, appellee argued that this action is barred by the law of the case doctrine as any mechanism for review should have been raised by the Commission in prior proceedings. The Commission, in responding to appellee's motion to dismiss, maintained that the complaint states a claim upon which relief can be granted because "this action is based on a common law right of judicial review that is distinguishable from the other statutorily-based actions ..." that were addressed by the Court of Appeals.

At the hearing conducted on May 30, 2007, the circuit court, on the motion to dismiss, ruled:

First I find that the law of the case is controlling in this case. This question could have been raised and decided on appeal. It was raised in the circuit court in the prior action and certainly would have been and should have been pursued thereafter.

So, first, I think that that is controlling.

Moreover, I don't find that this common law right of review through mandamus applies in this case. It wouldn't exist as counsel I think has conceded in the absence of the [Law Enforcement Officers' Bill of Rights.] And whether counsel conceded or not, certainly I don't think it would have existed.

And the Court of Appeals said the [Law Enforcement Officers' Bill of Rights] was enacted for the express purposes to protect the right of police officers. It is an exclusive remedy and an extremely comprehensive statute. The fact that it has been read to provide for no judicial review, well, by the agency but, more importantly, by anyone, from a not guilty finding, I think is dispositive.

And, therefore, I am going to grant the motion to dismiss.

Thereafter, the Commission filed the instant appeal.

Additional facts will be provided as necessary.

## LEGAL ANALYSIS

### A. Law of the Case Doctrine

At the outset, we are tasked to determine whether the law of the case doctrine bars the Commission's request for mandamus relief. Ordinarily, the judgment of the Court of Appeals is final and conclusive and the decision of the Court is the law of the case, which is binding on lower courts in subsequent proceedings, provided that the facts and the evidence in the later proceedings are substantially similar to those in the original trial. *See Scott v. State,* 379 Md. 170, 183–84, 840 A.2d 715 (2004). Both questions that were decided and questions that could have been raised and decided on appeal are precluded from relitigation. *See Fidelity–Baltimore Nat'l Bank & Trust Co. v. John Hancock Mut. Life Ins. Co.,* 217 Md. 367, 142 A.2d 796 (1958). As enunciated by the Court of Appeals,

[o]nce this Court has ruled upon a question properly presented on an appeal, or, if the ruling be contrary to a question that could have been raised and argued in that appeal on the then state of the record, as aforesaid, such a ruling becomes the "law of the case" and is binding on the litigants and courts alike, unless changed or modified after reargument, and neither the questions decided nor the ones that could have been raised and decided are available to be raised in a subsequent appeal.

*Id.* at 372, 142 A.2d 796. The law of the case doctrine is aimed at preventing piecemeal litigation and successive appeals that involve the same questions that were previously decided or that could have been decided by the Court. *Id.* Without this doctrine, litigants could perpetuate litigation by creating each time a new reason to assign error. *Id.*

In appellee's view, the Commission had several opportunities to request declaratory, injunctive and mandamus relief in the proceedings before the circuit court, this Court and the Court of Appeals; however, it failed to do so. That oversight, according to appellee, bars the Commission from reinstituting litigation of this matter.

■ The Commission argues that the doctrine is inapplicable since the extraordinary remedies sought in this action are not only distinguishable from those sought in the prior proceedings, but, additionally, that these extraordinary remedies could not have been raised in any of the earlier proceedings because they were not ripe for review. To have requested review under these common law rights in prior proceedings would have been premature as it had not yet been decided whether there was a statutory right. In fact, mandamus relief was requested by the Commission during the initial circuit court hearing, but was not given consideration by the court for that reason. Courts are reluctant to take action against administrative agencies until the controversy is ripe for review or, in other words, until the agency decision is formalized and its impact felt by the parties. *Gen. Motors Corp. v. Pub. Service Comm'n of Md.,* 87 Md.App. 321, 338, 589 A.2d 982 (1991) (quoting *Abbott Lab. v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)).

During the hearing, the trial judge posed the following question to counsel for the Commission with regard to the writ of mandamus: "Why is that issue even before me since that's not the way you moved from the Trial Board to the Circuit Court?" Counsel responded that he was confident that the Commission had the right to judicial review under the LEOBR. The court then asked, "And if I find that you do

not, why should I even get to the Mandamus argument since that's not ripe, it's not before me?" Counsel asserted that the writ of mandamus was sought as an alternative remedy in the event that the circuit court found no statutory right. He further explained that mandamus relief was added because it was "more cost effective" to make the request at that time rather than to re-file later. It is the Commission's position that the circuit court never reached any conclusion on mandamus relief because, at that time, the issue pending before the court related to statutory rights whereas the instant claim is premised on common law rights.

In our prior decision, we acknowledged that the Commission requested mandamus relief at the circuit court hearing as an alternative form of relief, but that it failed to pursue the mandamus claim on appeal.[9] *Anderson*, 164 Md. App. at 553, 884 A.2d 157. Since the circuit court determined that no statutory right to review existed, the Commission could have asserted its mandamus claim on appeal, as that issue had been preserved for our review. Under the law of the case doctrine, litigants may not raise new claims after an appeal if the new claims arise from the same facts. *See Schisler v. State*, 177 Md.App. 731, 747, 938 A.2d 57 (2007). No new facts were alleged in the Commission's complaint. Without pleading new facts, the Commission cannot add a new claim following the Court of Appeals' decision. To do so would contravene the law of the case doctrine.

Moreover, any "arguments at odds with principles inherent in an appellate court's previous opinion are also precluded by the [law of the case] doctrine." *Hagez v. State*, 131 Md.App. 402, 749 A.2d 206 (2000). Any question as to the remedies available to the Commission was settled in the prior appeal, in which the Court conclusively resolved the question in holding that the LEOBR is the exclusive remedy under

---

9. The Commission claims that mandamus was discussed at oral argument before the Court of Appeals. Appellee does not recall any mention of these alternative remedies at oral arguments. The opinion of the Court of Appeals does not mention mandamus relief.

which there is no right to review of "not guilty" findings. *Anderson,* 395 Md. at 190, 909 A.2d 694. Only "guilty" findings that satisfy the additional statutory requirements of § 3–108 are subject to judicial review. *Id.* Therefore, a "guilty" finding is a prerequisite for rendering a decision ripe for review. *Id.* To now conclude that the Commission is entitled to an alternative mechanism for review would run counter to the decision of the Court and contravene the legislature's intention that a "not guilty" finding terminates the action.

### B. Mandamus Relief

■ Assuming, *arguendo,* that the instant appeal was not proscribed by the law of the case doctrine, the Commission still would not be entitled to the extraordinary remedies that it now seeks.[10] Notwithstanding the exclusivity of the LEOBR, the Commission invokes a common law right to mandamus relief to compel the Board to reverse its decision. In the Commission's view, the LEOBR was not intended to envelop common law remedies, which are distinguishable from the previous "statutorily-based actions." Citing *Criminal Injuries Compensation Bd. v. Gould,* 273 Md. 486, 331 A.2d 55 (1975), the Commission argues that the LEOBR cannot supersede "the inherent constitutional authority of the judicial branch to review the actions of administrative boards" that are arbitrary, capricious and unreasonable.

The decision of the Court of Appeals in ruling that there are no other remedies available to the Commission other than the

---

**10.** Initially, the Commission claimed declaratory and injunctive relief as well as mandamus relief. In this appeal, however, the Commission focuses solely on mandamus. Since no arguments for declaratory or injunctive relief were raised by the Commission in its brief, we shall not engage in a discussion as to these forms of relief. We do note that declaratory relief is unavailable. After a controversy has been adjudicated, declaratory relief is unavailable as there is no justiciable controversy that remains. *See* Md.Code Ann., Cts. & Jud. Proc. § 3–409; *Hamilton v. McAuliffe,* 277 Md. 336, 353 A.2d 634 (1976). No controversy remains in this matter since the LEOBR prescribed termination of the action following the "not guilty" finding.

LEOBR, which supersedes all other law regarding disciplinary actions instituted against law enforcement officers, insists appellee, conclusively determined the issue now before us. As appellee construes the LEOBR, it is the exclusive remedy subsuming *all* other remedies and precluding resort to alternative forms of relief.

Initially, the right to an appeal is not an inherent right required by due process of law. *Gould,* 273 Md. at 502, 331 A.2d 55. It is a right that is conferred by statute. *Id.* Accordingly, when the legislature requires that the right to appeal be expressly granted by statute, there can be no right to appeal when that right has been excluded. *Id.* By the same token, the legislature cannot "interfere with the judicial process by depriving litigants from raising questions involving their fundamental rights in any appropriate judicial manner, nor can it deprive the courts of the right to decide such questions in an appropriate proceeding." *Id.* at 500, 331 A.2d 55 (quoting *Schneider v. Pullen,* 198 Md. 64, 68, 81 A.2d 226 (1951)). It is well recognized that courts cannot be divested of their inherent power to review actions of administrative agencies that are arbitrary, capricious or illegal. *Gould,* 273 Md. at 502, 331 A.2d 55; *see also Hecht v. Crook,* 184 Md. 271, 280, 40 A.2d 673 (1945). Thus, where there is no statutory basis for judicial review of an administrative agency's decision, courts have the inherent power to take action "invoking the original jurisdiction of the circuit court, through the writ of mandamus, by injunction, declaratory action, or by certiorari." *Armstrong v. Mayor and City Council of Baltimore,* 169 Md.App. 655, 906 A.2d 415 (2006) (citing *Gould,* 273 Md. at 500–04, 512, 331 A.2d 55). Exercise of that power should be done carefully in order not to intrude on the "legislative prerogative, or with the exercise of sound administrative discretion." *Gould,* 273 Md. at 502, 331 A.2d 55; *see also Hecht,* 184 Md. at 280, 40 A.2d 673.

With the foregoing in mind, mandamus relief is unavailable to the Commission, not because it is superseded by the LEOBR, but because the circumstances of this case do not

meet the criteria for such extraordinary relief. Thus, appellee is right for the wrong reasons. As illustrated by *Bd. of Educ. of Prince George's County v. Secretary of Personnel*, 317 Md. 34, 562 A.2d 700 (1989), mandamus is an extraordinary form of relief. In that case, the Board of Education for Prince George's County was denied mandamus relief that it was seeking to compel the Secretary of Personnel to conduct a contested case hearing, pursuant to the Administrative Procedures Act, § 10–201 of the State Government Article; it had sought to review the audit and assessment issued by the Department of Personnel, Division of Social Security. The Court determined that a contested case hearing was not the proper mechanism for review since an appeal of an audit of an educational institution's records was specifically provided for in the Maryland Code (1957, 1988 Repl.Vol.), Art. 73B, § 39(e). *Id.* at 42–45, 562 A.2d 700. The reason that the Board of Education sought a contested case proceeding, rather than proceeding under § 39(e), was to enable it to obtain judicial review. *Id.* The procedure for challenging the audit, however, is not optional. *Id.* Where the legislature has provided a remedy, the litigant must pursue that designated form of remedy, rather than to seek some alternative form to circumvent the procedures promulgated by the legislature. *Id.* The Board of Education nevertheless claimed that it was constitutionally entitled to a hearing that is subject to judicial review, even though the legislature intended that there be no judicial review of § 39(e) proceedings. *Id.* That argument failed because there were no constitutional rights of the Board of Education involved in the agency's decision regarding the audit. *Id.* Additionally, the Board of Education, as a creature of the State, lacked standing to contest an act of the State. *Id.*

 Mandamus relief is available under some circumstances that "depriv[e] litigants from raising questions involving their fundamental rights;" therefore, mandamus ordinarily lies where there is some constitutional infirmity. *Id.* at 44, 562 A.2d 700 (discussing *Gould*, 273 Md. at 500, 331 A.2d 55). The Commission postulates that, even though the LEOBR

supersedes conflicting law, it could not extend so far as to override well established common law rights given the "constitutional problems such an attempt would pose." Not only does the Commission fail to identify these problems of constitutional magnitude, but it lacks standing to make such an argument. The Commission is a body corporate and an agency of the State. *See* Md.Code Ann. (1957, 2003 Repl.Vol.), Art. 28, § 1–101. As an arm of the State, the Commission has "no right to question the constitutionality of the acts of [its] superior and creator." *Bd. v. Secretary of Personnel,* 317 Md. at 44–45, 562 A.2d 700 (quoting *Baltimore County v. Churchill, Ltd.,* 271 Md. 1, 6, 313 A.2d 829, in turn quoting *Columbia County v. Bd. of Trustees,* 17 Wis.2d 310, 116 N.W.2d 142, 146 (1962)). The LEOBR is intended to protect the rights of law enforcement officers and, accordingly, its primary purpose and intent are to provide adequate remedies to appellee. The Commission has no rights at stake when the administrative board, while acting in compliance with the procedures set forth in the LEOBR, exercises its discretion in adjudicating appellee innocent of the charges. Consequently, the Commission lacks standing to assert a constitutional right to judicial review or to challenge the statute that prevents it from obtaining the review that it seeks.

Another relevant issue raised in the *Bd. v. Secretary of Personnel* decision related to the circuit court's grant of a writ of mandamus to compel the Secretary of Personnel to issue a declaratory ruling, after it declined to issue one, as to whether the Board of Education was entitled to a contested case hearing. 317 Md. at 46–49, 562 A.2d 700. Mandamus relief is generally available "to compel inferior tribunals, public officials or administrative agencies to perform their function, or perform some particular duty imposed upon them which in its nature is imperative and to the performance of which duty the party applying for the writ has a clear legal right." *Gould,* 273 Md. at 514, 331 A.2d 55; *see also Bd. v. Secretary of Personnel,* 317 Md. at 46–48, 562 A.2d 700. The writ may not be used to review a discretionary administrative action unless there is a lack of procedure for obtaining review

*and* it is shown that the public officials have abused their discretionary powers. (Emphasis added.) *See Goodwich v. Nolan,* 343 Md. 130, 146, 680 A.2d 1040 (1996). The decision to issue a declaratory ruling is a *discretionary* act of the agency.[11] (Emphasis added.) *Bd. v. Secretary of Personnel,* 317 Md. at 46–48, 562 A.2d 700. Because there was no abuse of discretion in the agency's refusal to render a declaratory ruling, granting the writ of mandamus to compel the agency to render one was erroneous. *Id.* As such, the circuit court's judgment was reversed as to the writ of mandamus.

 The failure to provide for the right to judicial review of "not guilty" findings by the legislature, according to the Commission, necessitates the use of extraordinary remedies to correct the arbitrary and capricious decision of the Board. The Commission nevertheless fails to articulate the basis for its allegations that there is some egregious, discretionary abuse by the Board. To the contrary, the Board issued a well supported written opinion, following the administrative hearing, providing its factual findings undergirding its decision. Where there is a factual foundation laid to support the ultimate decision, the decision cannot be said to be arbitrary or capricious. *See Goodwich,* 343 Md. at 147, 680 A.2d 1040; *State Dep't of Health v. Walker,* 238 Md. 512, 523, 209 A.2d 555 (1965) (Decisions supported by substantial evidence are not arbitrary acts.) The evidence reveals that the Board performed its duty in determining that appellee had not violated the Department's vehicular pursuit policy based on the evidence presented and, accordingly, acted in conformity with the applicable statutory provisions. Mandamus is inappropriate given the Board's compliance with the statutory mandates.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANT.**

---

11. Md.Code Ann., State Government § 10–305(a) states in pertinent part that an agency *"may* issue a declaratory ruling." (Emphasis added.)