JOSEPH GROFF *vs.* THE MAYOR, ALDERMEN AND COMMON COUNCIL of FREDERICK CITY, AND GEORGE W. DELAPLAINE, Tax Collector.

*Constitutionality of the Act of 1870, ch. 314, extending the taxable limits of Frederick City—Power of the Legislature over Municipal Corporations—Legislative discretion not subject to Judicial control—Where legislative enactments Constitutionally passed, operate injuriously, Redress must be sought from the Legislature—When Courts are justified in declaring an Act of Assembly void, as being Unconstitutional—When an Injunction will not be granted to restrain the Collection of Taxes.*

The Act of 1870, ch. 314, extending the taxable limits of Frederick City, and authorizing the Mayor, Aldermen and Common Council thereof to assess, levy and collect taxes within the extended limits, is not repugnant to the

Groff *vs.* Mayor, &c. of Frederick City, *et al.*

provision of the Constitution (Art. 3, sec. 40) which prohibits the taking of private property for public use, without just compensation. This provision of the Constitution is a limitation on the exercise of the right of eminent domain, and has no reference whatever to the taxing power.

The Legislature has the power to create municipal corporations, to amend their charters, enlarge or diminish their powers, extend or limit their boundaries, consolidate two or more into one, overrule their legislative action, whenever it is deemed unwise, impolitic or unjust, and even abolish them altogether in the legislative discretion.

The exercise of this constitutional power being wholly within the discretion of the Legislature, can in nowise be controlled by the Courts. If its exercise operate injuriously either upon the municipal corporations, or upon individuals, redress can be had from the Legislature alone.

To justify Courts in declaring an Act of Assembly void by reason of its unconstitutionality, they must be satisfied that it is in direct and clear conflict with the written Constitution.

Where the Legislature in the exercise of its constitutional power, extends the taxable limits of a city, a Court of equity will not interfere by injunction to restrain the collection of taxes, imposed by the municipal authority upon property within the limits thus extended, to defray the expenses of the corporation, because such property is used for farming and pasturing purposes.

APPEAL from the Circuit Court for Frederick County, in Equity.

The bill of complaint in this case, alleged in substance, that the General Assembly of Maryland had passed the Act of 1870, ch. 314, extending the taxable limits of Frederick City, so as to include and bring within the taxable boundary a large amount of arable and pasture land for the sole purpose of subjecting the same to the burthens of city taxation, and thereby to increase the revenues of the corporation of Frederick; that there was no necessity for such extension; that there were no streets, lanes or alleys, or town lots included within the territory annexed, and that the old taxable limits as existing before the passage of said Act of 1870, were large enough; that said enlarge-

ment of the taxable limits was not made on account of, or with reference to, the increase or expansion of the city, as manifested by the built up part thereof, but was arbitrarily and unreasonably made; that no part of the land included in said extended limits was necessary for streets, lanes or alleys, or town lots, or other uses and purposes of a town, and that said land did not, nor did any of it, abut upon any street, lane or alley of Frederick, and that all of it, except that of the Agricultural Society, was used for farming and pasturing purposes; that some few houses had been built beyond the old limits, which could have been embraced within the taxable limits, without including the said arable and farm land; that said Act of Assembly was unconstitutional and void, and that the exercise by the city of the power attempted to be conferred under it, would injure the complainant and others similarly situated. The bill prayed that the Act might be declared unconstitutional and void, and that the appellees might be restrained from further proceedings to collect taxes levied under said Act. The bill was filed by the complainant in behalf of himself and all others similarly interested. The injunction issued as prayed.

The defendants answered admitting sundry of the allegations of the bill, denying others specifically, and all generally which were not specifically admitted, and requiring proof of the allegations denied.

Exceptions were filed to the answer, but at the hearing they were withdrawn, and a replication entered. Testimony was taken under an order of the Court, and the motion filed by the appellees to dissolve the injunction was heard on bill, answer, exhibits and evidence. The Court (Bowie, J.) dissolved the injunction, and from the order of dissolution the complainant appealed.

The cause was argued before Bartol, C. J., Stewart, Grason and Miller, J.

*James McSherry,* for the appellant.

The Act of 1870, ch. 314, in so far as it extends the limits of Frederick, is, under the facts disclosed in evidence, unconstitutional and void, and whilst in a proper case the Legislature may extend the taxable limits of a municipality, the Act in question is, not by reason of any defect apparent on its face, but from the circumstances exhibited in the record, an invasion of that provision of the Constitution of the State, which protects private property from seizure for public use, without compensating the owner.

It is conceded, that municipal corporations are subject to the control of the Legislature, and that the latter has the undoubted power to prescribe their outlines, and even when necessary, to enlarge them. But this power is not an arbitrary one; it has a limit within which the Courts may confine it, and the Legislature cannot confer upon a municipality the power to absorb the property of the citizen, under the color of taxation, when that property is removed from the local government. and receives neither advantage nor protection therefrom.

"A municipal corporation proper, is created mainly for the interest, advantage and convenience of the locality and its people." 1 *Dillon on Mun. Corp.,* sec. 10, *note.* The city of Frederick is a municipal corporation. *Act of* 1816, *ch.* 74.

The extension of the taxable limits of a corporation is, so far as the added territory is concerned, the creation of a new corporation, and the powers conferred, should be consistent with the purposes for which a municipality is organized, to wit: the "interest, advantage and convenience of the locality and its people."

The Act of 1870, confers upon the appellees not only a power adverse to the interest of the people residing or owning property beyond the old taxable limits, but one in direct antagonism to the provisions of the organic law of the State.

The town of Frederick was laid out in 1746. The original survey and plat were lost. See *Act of* 1786, *ch.* 36, *sec.* 1. In 1816, a new Act of incorporation superseding that of 1786, was passed, and by sec. 2nd, the taxable limits of the town were prescribed. See *Act of* 1816, *ch.* 74, *sec.* 2. In 1832, the taxable limits were extended. See *Act of* 1832, *ch.* 187.

These taxable limits remained as thus fixed until again extended by the Act of 1870, ch. 314. The property within this belt has been assessed *by the acre*, and taxes levied thereon for the use of the appellees.

There was no necessity to extend the taxable limits of Frederick, for the simple reason that there was ample room within the old limits for double the present population.

No new streets, lanes or alleys were or are needed, and if they were, there was ample room within the old limits for them. No new streets have been laid out since the survey, made under the Act of 1816—some alleys have been widened. If new streets, lanes or alleys have been or are needed, they could have been laid out and opened beyond the old taxable limits, without extending those limits. See *Act of* 1870, *ch.* 314.

The lands annexed are, and have always been used for agricultural purposes, and not as town property.

No part of this agricultural land abuts on or adjoins any street, lane or alley of Frederick.

No part of this property has ever been laid out into town lots, and no portion of it is necessary for such use, because there is ample room within the old limits; very few houses having been built beyond them since 1832.

The people living within the annexed territory have derived no advantages from such annexation. They have received no benefit from being compelled to pay city taxes, but on the contrary, the value of their property has been depreciated thereby.

It is held in Pennsylvania, that under the terms of the Act of the Legislature authorizing the incorporation of villages, the boundaries cannot be extended so as to include a large body of farm lands, but the district to be incorporated, should be restricted by the Courts in which proceeding is had so as to include no more than the village itself, and its proper territory. *Borough of Little Meadows*, 35 *Pa. State*, 335; *Devore's Appeal*, 56 *Pa. St.*, 163; see also 2 *Dillon on Mun. Corp.*, 226, 633, 634; *Buell vs. Ball*, 20 *Iowa*, 282; *Morford vs. Unger*, 8 *Iowa*, 82; *Langworthy vs. The City of Dubuque*, 13 *Iowa*, 86; *City of Covington vs. Southgate*, 15 *B. Mon.*, 491; *Cheaney vs. Hooser*, 9 *B. Mon.*, 330; *Sharp's Ex'r vs. Dunavan*, 17 *B. Mon.*, 223; *Mitchell vs. Kauffman, &c.*, 34 *Iowa*, 194; *Deeds vs. Sanborn*, 26 *Iowa*, 419; *Bradshaw vs. The City of Omaha*, 1 *Neb.*, 16.

Sec. 40 of Art. 3, of the Constitution of Maryland, prohibits the Legislature from passing any law taking private property for public use without compensation. And this provision is applicable to the case at bar.

It is not denied that there is a difference between the exercise of the right of eminent domain, and of the right of taxation. These two powers although somewhat alike, are not the same. The evil effects, and the practical results to the citizen, arising from the unwarrantable exercise of either, are identically the same. To strip a man of his property, by imposing onerous taxes upon him for the uses of a municipality, which affords him no protection, and renders him no benefit in return, is no less an infraction of the constitutional guaranty, than the taking of his land without compensation, for the road-bed of a railway.

It is the *taking* of private property without compensation, which the Constitution prohibits, no matter what may be the form under which it is attempted. The provision is a restriction on the Legislature, inhibiting it from authorizing the taking of private property for public use, with-

out compensation, and the spirit of it alike protects the citizen from an unwarrantable exercise of power under any color or pretext whatever ; substantial protection is guaranteed.

But to narrow this provision by applying it alone to the power of eminent domain, would make that protection depend upon form and not substance. "There is a fundamental principle of right and justice inherent in the nature and spirit of the social compact, that rises above and restrains the power of legislation, which the Legislature cannot pass without exceeding its rightful authority." This principle is "designed to protect the life, liberty and property of the citizen, from violation in the unjust exercise of legislative power." *Mayor &c., of Balt. vs. State, &c.,* 15 *Md.,* 469.

The facts in this case show that the imposition of corporation taxes upon the owners of the agricultural land embraced within the new limits, is an actual taking of private property for public use without compensation, and to that extent the Act of 1870, is repugnant to the Constitution of the State.

Again, the proviso to the Act of 1832, chap. 187, qualifies the Act of 1870, and restricts its application. The property of the appellant consists not only of a house, but twenty-two acres of arable land, and the latter is at least protected by the proviso to the Act of 1832.

*Milton G. Urner* and *J. E. R. Wood,* for the appellees.

The Act of 1870, ch. 314, is constitutional, and the Court cannot inquire into the propriety of it, or the reasons which led to its enactment. That the Legislature has the power to create corporations of this kind, and fix their boundaries, we presume will not be denied. *Cooley's Const Lim.,* (3rd *Ed.,*) 192, 193, note and cases there cited.

It is contended for the appellant, that the Act in question, is an invasion of that provision of the Constitution

of the State, which protects private property from seizure for public use, without compensating the owner. The provision referred to, is in the 40th sec. of the 3rd Article of the Constitution of Maryland, and is in these words: "The General Assembly shall enact no law, authorizing private property to be taken for public use, without just compensation, as agreed upon between the parties, or awarded by a jury, being first paid or tendered to the party entitled to such compensation." Section 48 of the same Article gives the General Assembly express power to alter or repeal "all charters." Now it is very evident that section 40, which contains the provision alleged to be violated by the Act in question, does not refer to cases of this kind, and cannot by the most strained construction be made to apply. The injunction is asked, to restrain the *taxing* power of the corporation of Frederick, and it is contended that the imposition of the *tax* is a taking of private property for public use, "without just compensation." Section 40 of Article 3 of the Constitution, is a limitation upon the exercise of the right of *eminent domain*, and has no reference to the taxing power.

The difference between the right of *eminent domain*, and the governmental prerogative of *taxation*, is clear and distinct, and has been recognized and clearly defined by our own Court of Appeals in *Moale vs. Mayor & C. C. of Balto.,* 5 *Md.,* 320. It is there held that special compensation is to be made in cases where the right of eminent domain is exercised, "because the government is a debtor for the property so taken;" but not so with reference to *taxation,* "because the payment of taxes is a duty, and creates no obligation to re-pay, otherwise than in the proper application of the tax." See *The People vs. Mayor, &c. of Brooklyn,* 4 *Comstock,* 420 *to* 427, and cases there cited, where this distinction is more fully defined. See also *Angell on Highways, sec.* 77; *Stewart vs. Supervisors of Polk County,* 30 *Iowa,* 13, 14.

The Courts have no authority to annul an Act of the Legislature, unless it is in *clear, palpable* and *direct* conflict with the written Constitution. *Stewart vs. Supervisors of Polk County,* 30 *Iowa,* 9.

It is the duty of the Court to give an Act such construction, if possible, as will maintain it, and every Act will be presumed to be constitutional, until the contrary appears. *Adams vs. Howe, et al.,* 14 *Mass.,* 344, *et seq.; Santo vs. The State of Iowa,* 2 *Iowa,* 208 ; *Fisher vs. McGirr,* 1 *Gray,* 1 ; *Sedgwick on Stat. and Con. Law,* 182 ; *The People vs. Draper,* 15 *N. Y.,* 543 ; *Howell vs. The State,* 3 *Gill,* 14 ; *Mayor & C. C. of Balto. vs. State, &c.,* 15 *Md.,* 376.

As the Legislature was acting within the scope of its authority when it passed the Act of 1870, ch. 314, and it not appearing that any provision of the Constitution has been violated by the Act, the Court cannot say the legislation by which it was passed was improvident, unwise or unjust, and therefore restrain its operation, without engaging in *judicial legislation,* which the Courts of Maryland never do. " It is the province of Courts of justice to expound laws, and not to legislate." *Mitchell vs. Mitchell,* 1 *Gill,* 84.

It is also contended in behalf of the appellant, that although the Act of the Legislature be constitutional, still the Court will go into the reason and propriety of the act of extension, and restrain the collection of taxes by the corporate authorities, if the extension be unreasonable and improper. This is not, in our State, a proper subject of inquiry by the Courts.

But if the Court shall be of opinion that under the authorities, this is a proper subject of judicial investigation, the testimony will show that the extension of the city limits, was not only proper but a necessity, and the extension was in the best mode possible under the circumstances, and included only those who derived benefit and advantage from the city government.

The extension was reasonable and proper, and was in no sense a flagrant violation of the rights of the citizen—such as the taking of private property for public use, without just compensation.

The cases relied upon by the appellant, only go to the extent of deciding that where land is so remote from a city as to derive no benefit whatever from the city, and is in no sense city property, and used alone for farming purposes, it cannot, by an extension of the city limits, be made liable for taxes to support the municipal government. This is the full extent to which those authorities go, and they all expressly state that where the extension is reasonable, and the property embraced within the extended limits is benefited by the municipal government, it should contribute to defray the expenses thereof, and is therefore liable to taxation.

The cases from Kentucky and Iowa are the only cases in which the Courts of any of the States have gone into this question at all, and the Courts of most of the States have adopted the view, that the reason and propriety of enlarging the limits of municipal governments, is a question purely for the Legislature, and Courts will not grant relief in such cases.

GRASON, J., delivered the opinion of the Court.

By the record it appears that the appellant in this case filed his bill in the Circuit Court for Frederick County for an injunction to restrain the appellee, a municipal corporation, from collecting taxes imposed upon his property by it for municipal purposes. It appears that by the Act of the General Assembly of Maryland, passed at the January session, 1870, chap. 314, the corporate limits of the City of Frederick were extended as therein specified, and that the land of the appellant, upon which the tax was assessed, was included within the corporate limits of the city, by said extension.

The grounds upon which the injunction is sought to be maintained is, first, that the Act of Assembly in question is unconstitutional, and second, if constitutional, that the appellant's land, being farming land, is not liable to taxation as city property.

1st. The ground on which it is claimed that the Act of 1870 is unconstitutional is, that the imposition of the tax is in effect taking private property for public use, without compensation, and is therefore in violation of the fortieth section of the third Article. This provision of the Constitution is a limitation on the exercise of the right of *eminent domain*, and has no reference whatever to the *taxing* power. It is not alleged in the bill of complaint that the appellee is about to take possession of land with the intention of appropriating it to the use of the corporation or the public, but it alleges only that taxes for municipal purposes have been assessed and levied upon his property within the extended limits of the city, and prays that the city authorities and tax collector may be enjoined from further proceedings for the collection of said taxes, so assessed and levied, and that the Act of 1870 may be declared unconstitutional and void. The right of *eminent domain* and the taxing power are not the same. The distinction between them is clearly drawn by the authorities. "Taxation exacts money or services from individuals, as and for their *respective shares* of contribution to any public burthen. Private property taken for public use by right of eminent domain is taken, not as the owner's *share* of contribution to a public burthen, *but as so much beyond his share*. Special compensation is, therefore, to be made in the latter case, because the government is a debtor for the property so taken; but not in the former, because the payment of taxes is a duty, and creates no obligation to repay, otherwise than in the proper application of the tax." See *The People vs. Mayor, &c. of Brooklyn*, 4 *Comstock*, 423, 425 ; *Moale vs. Mayor and City Council of Baltimore*, 5 *Md.*,

320. It is very clear, therefore, that the Act of 1870, chap. 314, is not obnoxious to the objection that it is in violation of the 40th sect. of the 3rd Art. of the Constitution. That the Legislature had the power to pass the Act is equally clear. The Legislature has the power to create municipal corporations, to amend their charters, enlarge or diminish their powers, extend or limit their boundaries, consolidate two or more into one, overrule their legislative action whenever it is deemed unwise, impolitic or unjust, and even abolish them altogether, in the legislative discretion. *Cooley's Const. Lim.*, (*3rd Ed.*) 192, note and cases there cited. *Mayor & City Council of Baltimore vs. The State*, 15 *Md.*, 381. The Legislature having this constitutional power, the exercise of it is wholly within its discretion, and it can in no wise be controlled by the Courts. If the exercise of the power operates injuriously upon either the municipal corporations or individuals, redress can be had from the legislative power alone. But it was further contended that the powers conferred on the municipal corporation of Frederick are inconsistent with the *spirit* of the Constitution. We have not been referred to, nor are we aware of any provision of the Constitution the spirit of which is opposed to, or inconsistent with, the powers conferred on the appellee by the Act of 1870. To justify Courts in declaring an Act of Assembly void by reason of its unconstitutionality, they must be satisfied that it is in direct and clear conflict with the written Constitution. They have no power to declare it void because it conflicts with their opinions of expediency or justice. The remedy for legislation of such a character is with the Legislature alone.

2nd. Certain decisions in Iowa and Kentucky have been cited by the appellant's counsel to show that when land is remote from the city and used alone for farming purposes, it cannot be made liable to taxation for the support of the city government, although included within the city limits. These authorities only go to the extent of deciding that

Groff *vs.* Mayor, &c. of Frederick City, *et al.*

where such property is not benefited by the city govern-
ment it should not be made to contribute to its support.
The power to assess and levy taxes for the support of the
government has been lodged in the legislative branch of
the government, subject only to such limitations as have
been imposed by the Constitution of the State. For the
purposes of local government, the Legislature has thought
proper to clothe the appellee with the authority to levy
taxes within certain limits, as provided by the 176th sec-
tion of the Act of 1870, which limits are therein specifically
defined. It appears that the property upon which the
taxes have been assessed and levied in this case, lies within
those limits, and that said taxes are such as the appellee
is authorized by its charter to assess and levy. Whatever
may have been the decisions of Courts in other States, we
are clearly of opinion that, so long as the power of taxa-
tion, conferred upon the appellee, is not in contravention
with some provision of the Constitution, and its exercise is
kept within the limits prescribed by law, the Courts have
no right to interfere by injunction to restrain the exercise
of the power. Whether the power was wisely or unwisely
bestowed, or the mode in which it has been exercised is
just or unjust, and burdensome upon the citizen, are ques-
tions with which the Courts have no right to deal, but are
within the exclusive control of the Legislature.

The order appealed from will therefore be affirmed and
the bill of complaint dismissed.

*Order affirmed, and*
*bill dismissed.*

(Decided 1st March, 1876.)