699 A.2d 1334

**STATE of Maryland, et al.**

v.

**BOARD OF EDUCATION OF MONTGOMERY COUNTY.**

**No. 41, Sept. Term, 1997.**

Court of Appeals of Maryland.

June 26, 1997.

Reconsideration Denied Aug. 22, 1997.

Lawrence P. Fletcher–Hill, Assistant Attorney General Elisabeth A. Sachs and Nicolett H. Pervost, Assistant Attorneys General, Baltimore, for Petitioner.

Roger W. Titus, Kevin Collins, and Ariana J. Wright, Venable, Baetjer & Howard, Rockville, for Respondent.

Submitted before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

ELDRIDGE, Judge.

This case arose out of an intra-governmental dispute between a principal department of the State government and a

State agency, the Board of Education of Montgomery County.[1] The dispute concerned a former program, established by the General Assembly, under which the State made monetary contributions for the employer costs of providing Social Security and retirement benefits for certain school board employees. Following an audit, the Department[2] determined that the State had made overpayments for employees of the Montgomery County Board of Education.

The Board then took an appeal to a hearing examiner pursuant to Maryland Code (1957, 1988 Repl.Vol.), Art. 73B, § 39(e), which provided as follows:

"(e) *Delinquent payments.* (1) Delinquent payments due under paragraphs (1) and (3) of subsection (d) may, with interest at the rate of six per centum per annum be recovered by action in a court of competent jurisdiction against the political subdivision liable therefor, or may at the request of the State Agency, be deducted from any other moneys payable to such subdivision by any department or agency of the State.

(2)(i) If an audit of the records of a school system, public library, or educational institution reveals that the system, library, or institution owes money to the Contribution Fund, any delinquent payment may not be collected until:

---

**1.** The various county boards of education are State agencies. *Board v. Secretary of Personnel,* 317 Md. 34, 44 n. 5, 562 A.2d 700, 705 n. 5 (1989), and cases there cited.

**2.** Under the contribution program, both the former State Department of Personnel and the former State Department of Budget and Fiscal Planning had a role in auditing the payments under the program and in determining whether overpayments had been made. *See* Maryland Code (1957, 1988 Repl.Vol.), Art. 73B, § 36(e) and § 39(e).

By Ch. 349 of the Acts of 1996, the Department of Personnel was merged into the Department of Budget and Fiscal Planning, and the new combined Department was named the Department of Budget and Management.

For convenience, we shall in this opinion simply use the word "Department" to refer to the Department of Personnel, the Department of Budget and Fiscal Planning, and the Department of Budget and Management.

1. The school system, public library, or educational institution has an opportunity to appeal the decision to a hearing examiner who shall be appointed by the Secretary of the Department of Budget and Fiscal Planning; and

2. The hearing examiner finds that the funds are owed to the Contribution Fund.

(ii) If the hearing examiner determines that moneys are owed to the Contribution Fund, the moneys shall be deducted from any State funds that would otherwise be paid to the school system, public library, or educational institution.

(iii) An appeal taken pursuant to this paragraph is not a contested case, for the purposes of the Administrative Procedure Act."

A hearing was held before a hearing examiner, although, in light of § 39(e)(2)(iii) quoted above, the proceedings before the hearing examiner were not transcribed. After the hearing, the hearing examiner determined that the State had made overpayments to the Board totaling over $1.2 million, and that such sum was owed to the State. This determination was based on the hearing examiner's findings that the State had made payments for a particular category of Board employees, called "special education school bus aides," who had not been eligible for such payments. The Secretary of the Department endorsed the hearing examiner's decision.

Thereafter, the Board sought judicial review of the Department's decision by filing in the Circuit Court for Montgomery County a complaint for a declaratory judgment. Named as defendants were the State of Maryland, the Secretary of the Department, and the Central Collection Unit which is part of the Department.[3] The Board asserted in the complaint that the special education school bus aides had been eligible employees for the State contributions, and that the Department erred in finding that they were not eligible.

After several hearings, the circuit court granted the State's motion to dismiss. The court held that judicial review of the

---

3. We shall hereafter refer to the defendants collectively as "the State."

Department's decision was precluded by this Court's decision in *Board v. Secretary of Personnel*, 317 Md. 34, 562 A.2d 700 (1989).

The Board appealed, and the Court of Special Appeals, in an unreported opinion, reversed. Although apparently of the view that there was no statutory right of judicial review, the Court of Special Appeals held that the Department's decision was subject to judicial review under the principles set forth in *Criminal Inj. Comp. Bd. v. Gould*, 273 Md. 486, 331 A.2d 55 (1975). The intermediate appellate court quoted *Gould*, 273 Md. at 501, 331 A.2d at 65, " 'that the Legislature cannot divest the courts of the inherent power they possess to review and correct actions by an administrative agency which are arbitrary, illegal, capricious or unreasonable.' " While recognizing that portions of this Court's more recent opinion in *Board v. Secretary of Personnel, supra*, 317 Md. 34, 562 A.2d 700, were contrary to its holding in the present case, the Court of Special Appeals characterized those portions of our opinion in *Board v. Secretary of Personnel* as "dicta." In addition, the intermediate appellate court stated that this Court's opinion in *Board v. Secretary of Personnel* was inconsistent with our earlier opinion in *Criminal Inj. Comp. Bd. v. Gould*.

The State has filed in this Court a petition for a writ of certiorari. The *Board* has filed an opposition, arguing that the pertinent portion of our opinion in *Board v. Secretary of Personnel* is dicta and should not be followed. According to the Board, the circuit court is "vested with the inherent residual authority to review" the Department's decision under the principles set forth in *Heaps v. Cobb*, 185 Md. 372, 45 A.2d 73 (1945), and *Criminal Inj. Comp. Bd. v. Gould*.

We have granted the State's petition, and we shall summarily reverse the judgment of the Court of Special Appeals. The relevant portion of this Court's opinion in *Board v. Secretary of Personnel* was not dicta, and the Court of Special Appeals was bound by that opinion. Moreover, there is no inconsistency between *Board v. Secretary of Personnel* and earlier cases such as *Heaps v. Cobb* and *Criminal Inj. Comp. Bd. v. Gould*.

The dispute in *Board v. Secretary of Personnel* involved the same contribution program and the same statutory provisions as the dispute in the case at bar. In *Board v. Secretary of Personnel,* an audit revealed that the State had made overpayments on behalf of employees of the Board of Education of Prince George's County. According to the State, it had made payments on behalf of ineligible employees and had made some duplicate payments. The Board then took an appeal to a hearing examiner pursuant to former Art. 73B, § 39(e). Despite the language of former § 39(e)(2)(iii) stating that the administrative proceeding was not a contested case, the Prince George's County Board of Education, at a pre-hearing conference, requested "that the hearing be a 'contested case' hearing under the Maryland Administrative Procedure Act." *Board v. Secretary of Personnel,* 317 Md. at 37, 562 A.2d at 701. The hearing examiner denied the request, and the Board filed a petition with the Secretary of the Department for a "declaratory ruling" on the issue. At the subsequent administrative hearing, the Board's counsel was present and requested a postponement until the Secretary ruled on the pending petition, but the hearing examiner refused. The Board then refused to participate in the hearing, and the hearing examiner subsequently ordered that the appeal be dismissed for lack of prosecution. In addition, the Secretary declined to issue a declaratory ruling on the question of the Board's entitlement to a contested case hearing.

Next, the Board filed an action in the Circuit Court for Prince George's County, seeking a writ of mandamus to compel the Department to provide a contested case hearing and to compel the Secretary to issue a declaratory ruling. The circuit court refused to issue an order compelling the Department to conduct a contested case hearing. The court did, however, issue a writ of mandamus requiring the Secretary to render a declaratory ruling on the matter. Both the Board and the Secretary appealed, and this Court issued a writ of certiorari prior to any proceedings in the Court of Special Appeals.

On the Board's appeal, the Board made alternative arguments as to why it was entitled to a contested case administrative hearing. *First,* the Board asserted that the dispute was not covered by former Art. 73B, § 39(e), or, if it were covered, the remedy provided by § 39(e) was not intended to be the exclusive remedy. The Board contended that it was entitled to a contested case hearing and judicial review under the Maryland Administrative Procedure Act, Code (1984, 1995 Repl.Vol.), § 10–201 *et seq.* of the State Government Article.[4] *Second,* the Board argued that it should have a contested case administrative hearing so that the administrative decision could be judicially reviewed, and that the Board was constitutionally entitled to such judicial review under the principles set forth in *Criminal Inj. Comp. Bd. v. Gould, supra,* 273 Md. 486, 331 A.2d 55, and similar cases. In effect the Board maintained that, if § 39(e) were intended to provide the exclusive remedy and to preclude judicial review, the statute would be unconstitutional. The Board's argument was as follows (*Board v. Secretary of Personnel,* 317 Md. at 43–44, 562 A.2d at 704–705):

"The Board seeks a contested case administrative proceeding, instead of proceeding under § 39(e), so that it will be entitled to judicial review. It argues that it is constitutionally entitled to a hearing which will be subject to judicial review, relying on *Criminal Inj. Comp. Bd. v. Gould,* 273 Md. 486, 500–502, 331 A.2d 55 (1975). Specifically, the Board quotes the following from the *Gould* case (Board's Brief, p. 23, quoting 273 Md. at 500–502, 331 A.2d at 64–65):

" 'The Legislature cannot, of course, interfere with the judicial process by depriving litigants from raising questions involving their fundamental rights in any appropriate judicial manner, nor can it deprive the courts of the

---

**4.** The Board's arguments, summarized in *Board v. Secretary of Personnel, supra,* 317 Md. at 40–45, 562 A.2d at 701–705, are set forth in more detail in its brief in this Court, at 13–25. *See* Briefs and Record in No. 136, September Term, 1987.

right to decide such questions in an appropriate proceeding.

\* \* \* \* \* \*

"[T]his Court, in a long line of cases, has consistently held that the Legislature cannot divest the courts of the inherent power they possess to review and correct actions by an administrative agency which are arbitrary, illegal, capricious or unreasonable." ' "

This Court in *Board v. Secretary of Personnel* rejected all of the Board's arguments. We held that the remedy provided for in former Art. 73B, § 39(e), covered the dispute, that the statutory remedy was intended to be the exclusive remedy, and that "the General Assembly obviously intended that there be no judicial review of the § 39(e) administrative decision." 317 Md. at 43, 562 A.2d at 704. The Court then turned to the Board's alternative argument that it was entitled to a contested case type of hearing and judicial review under the principles of the *Gould* case, and that the statute was unconstitutional to the extent that it precluded a contested case hearing and judicial review. We first pointed out that the doctrine set forth in *Gould* related to the availability of judicial review when a "right" of a litigant was involved, and that the Board has no "right" against the State "which can be raised by the Board under the circumstances here. The reason is that the Board is a state government agency; it is a creature of the State, an arm of the State." 317 Md. at 44, 562 A.2d at 705. As to the Board's position that, under the *Gould* doctrine, § 39(e) would be unconstitutional if it precluded a contested case hearing and judicial review, we held (317 Md. at 44–45, 562 A.2d at 705) that "State agencies and political subdivisions, 'as creatures of the State, have "no right to question the constitutionality of the acts of [their] superior and creator," ' " quoting *Baltimore County v. Churchill, Ltd.*, 271 Md. 1, 6, 313 A.2d 829, 832, *appeal dismissed*, 417 U.S. 902, 94 S.Ct. 2594, 41 L.Ed.2d 207 (1974). While recognizing that there are exceptions to this principle, we held that "none of the exceptions is applicable to the present case." 317 Md. at 45, 562 A.2d at 705.

■ In *Board v. Secretary of Personnel,* the relief sought by the Board was a writ of mandamus ordering the Department to provide a contested case administrative hearing. The Board claimed, *inter alia,* that it should have this relief because it was entitled to judicial review under the constitutionally based doctrine set forth in *Gould* and other cases. This Court rejected this argument on the ground that the *Gould* doctrine was inapplicable. This was one of the holdings in *Board v. Secretary of Personnel,* and the Court of Special Appeals should have applied that holding in the present case. An appellate court's rejection of a reason given by a litigant for the relief sought in the case is not "dicta."

Furthermore, there is no inconsistency between the above-described holding in *Board v. Secretary of Personnel* and the doctrine set forth in *Gould* and other cases. The principle relied upon by the Prince George's County Board of Education in *Board v. Secretary of Personnel,* and relied upon by the Montgomery County Board of Education in the case at bar, was set forth in the seminal case of *Heaps v. Cobb, supra,* 185 Md. at 378–379, 45 A.2d at 76, as follows (emphasis both added and deleted):

"Administrative boards in general may be said to act in a quasi judicial capacity insofar as they have the duty to hear and determine facts and, based on them, to make decisions. Moreover, such decisions carry with them the presumption of validity and, where the statute or ordinance provides for an appeal to the courts, will not be disturbed on review if the record shows substantial evidence to sustain the findings. The boards, however, are not clothed with judicial authority, which the legislature has no power to confer upon them, Article 4, Md. Constitution; *Dal Maso v. Board, etc.,* 182 Md. 200, 34 A.2d 464 [(1943)], and their decisions, *when they impair personal or property rights,* are not irreviewable. The legislature is without authority to divest the judicial branch of the government of its inherent power to review actions of administrative boards shown to be arbitrary, illegal or capricious, *and to impair personal or property rights;* but the courts are likewise without authori-

ty to interfere with any exercise of the legislative prerogative within constitutional limits, or with the lawful exercise of administrative authority or discretion."

■ Thus, judicial review of adjudicatory administrative decisions may not constitutionally be precluded when those decisions "impair personal or property rights." This Court's decisions applying this principle all involve disputes between government agencies and individuals or private entities, where it is claimed that the administrative decision has impaired personal or property rights of individuals or private entities. *See, e.g., Medical Waste v. Maryland Waste,* 327 Md. 596, 610, 612 A.2d 241, 248 (1992); *Silverman v. Maryland Deposit,* 317 Md. 306, 324–326, 563 A.2d 402, 411–412 (1989); *Balto. Import Car v. Md. Port Auth.,* 258 Md. 335, 342–343, 265 A.2d 866, 869–870 (1970); *State Health Dep't v. Walker,* 238 Md. 512, 522–523, 209 A.2d 555, 561 (1965); *Board of Zoning Appeals v. Meyer,* 207 Md. 389, 400–401, 114 A.2d 626, 631 (1955) ("the Legislature is without authority to divest the courts of their inherent power to review the actions of administrative boards in order to determine whether they *impair personal or property* rights by reason of an unlawful or arbitrary exercise of discretion") (emphasis added); *Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467, 473, 84 A.2d 847, 850 (1951) ("the Legislature cannot divest the courts of their inherent power to review the actions of administrative agencies which are illegal, arbitrary, or unreasonable *and which impair personal or property rights* ") (emphasis added); *Heath v. Mayor & City Council of Baltimore,* 187 Md. 296, 304–305, 49 A.2d 799, 804 (1946) ("the legislature is without authority to divest the courts of their inherent power to review the actions or administrative boards in order to determine whether they unlawfully *impair personal* or property rights") (emphasis added).

This Court's opinion in *Criminal Inj. Comp. Bd. v. Gould,* 273 Md. at 507–508, 331 A.2d at 68, recognized that,

"from our holdings in *Heaps v. Cobb, supra,* and in *Johnstown Coal and Coke v. Dishong,* 198 Md. 467, 84 A.2d 847 (1951), it would appear that the impairment of 'personal or

property rights' is a condition precedent to judicial review of alleged arbitrary, illegal or capricious actions of an administrative board...."

Nevertheless, the Court in *Gould* went on to indicate that a "personal right" or "property right" in the traditional sense need not be involved. The Court continued (273 Md. at 508, 331 A.2d at 69):

"There are benefits, privileges, mere licenses and entitlements which, in our modern society, are awarded by governmental action, not as a matter of right but through the exercise of a sound discretion. Notwithstanding statutory provisions to the contrary, these 'grants' have been held to be within the ambit of judicial review of the action of the agencies created to administer them."

Furthermore, the *Gould* opinion held that, even when the preclusion of judicial review was set forth in the same statute which granted the benefit for the first time, the preclusion of judicial review would not be effective.[5] The *Gould* opinion concluded as follows (273 Md. at 512, 331 A.2d at 71):

"We conclude that once a claimant, such as Gould, met the statutory qualifications set forth in Art. 26A, § 5, for an award he possessed a sufficient 'personal right' and eligibility to the benefits provided in § 12, and as an aggrieved party was entitled to seek judicial examination of the action

---

**5.** It was this point which separated the majority opinion from the dissent in *Gould*. The dissent took the view that where the "personal right" or "property right," even under the expansive view of "personal rights," did not pre-exist, where it amounted to a "gratuity" granted by the very statute precluding judicial review, and where no constitutional issues were involved, the General Assembly's prohibition upon judicial review was valid. In other words, the dissent took the position that the General Assembly ordinarily could condition the award of a gratuity by a preclusion of judicial review. No subsequent case in this Court has endorsed the view of the dissent, while numerous cases have reaffirmed the majority's opinion in *Gould*. *See, e.g., Maryland Aggregates v. State*, 337 Md. 658, 678, 655 A.2d 886, 896 (1995); *Medical Waste v. Maryland Waste*, 327 Md. 596, 610, 612 A.2d 241, 248 (1992);, *Silverman v. Maryland Deposit*, 317 Md. 306, 324, 563 A.2d 402, 411 (1989); *Cicala v. Disability Review Bd.*, 288 Md. 254, 260, 418 A.2d 205, 209 (1980); *Zion Evang. Luth. Church v. State Hwy. Adm.*, 276 Md. 630, 634–635, 350 A.2d 125, 128 (1976).

of the Board, by reason of the fact that the General Assembly, not 'as a matter of grace,' ... but rather in recognition of a 'moral responsibility,' created a scheme of benefits upon a 'welfare-theory' of compensation for such victims of crime."

*Criminal Inj. Comp. Bd. v. Gould* concerned an individual's claim to a monetary benefit authorized by the Legislature. The other cases in this Court, both before and after *Gould,* holding that the Legislature ordinarily cannot preclude judicial review of adjudicatory administrative decisions, have all involved personal rights or benefits or property rights claimed by individuals or private entities. Even in that context, however, we have recognized that there are administrative proceedings which are not judicially reviewable under the *Gould* doctrine. *See, e.g., State Dep't of Assessments & Tax. v. Clark,* 281 Md. 385, 396–403, 380 A.2d 28, 35–38 (1977).

Neither *Gould,* nor any of the cases cited in *Gould,* held that the General Assembly, in providing for an administrative resolution of intra-governmental disputes such as are involved in the present case, could not validly preclude ordinary judicial review of the final administrative decision. That issue first came before the Court in *Board v. Secretary of Personnel,* 317 Md. 34, 562 A.2d 700, and this Court unanimously held that the General Assembly's prohibition upon ordinary judicial review was valid under the circumstances of the case.

As pointed out in *Board v. Secretary of Personnel,* 317 Md. at 44–45, 562 A.2d at 705, a State agency or instrumentality, with respect to claims against or disputes with the State, is in a vastly different position from an individual or a private entity. For example, in upholding the authority of the General Assembly to extend the period of limitations for certain suits against counties and municipalities, after limitations had expired under the old law, this Court explained (*Mayor and Council of Hagerstown v. Sehner,* 37 Md. 180, 192–193 (1872)):

"All the cases to which we have been referred, or our own researches have disclosed, are suits or actions between

individuals, and all the legislation declared null and void on this ground, has been such as operated directly upon and divested rights vested in private persons or private corporations. Such is not the character or effect of the law here assailed. It is not directed against individuals or private corporations. It applies to the counties, incorporated towns and cities of the State, and to all of them. Between these public bodies and private citizens, there is a wide and substantial distinction, with respect to vested rights protected from legislative power. They are public corporations created by the Legislature for political purposes, with political powers, to be exercised for purposes connected with the public good, in the administration of civil government.

"They are instruments of government subject at all times to the control of the Legislature with respect to their duration, powers, rights and property. It is of the essence of such a corporation, that the government has the sole right as trustee of the public interest, at its own good will and pleasure, to inspect, regulate, control and direct the corporation, its funds and franchises.

\* \* \* \* \* \*

"Indeed, ... it would be difficult to conceive how such [municipal] corporations could have conferred upon them or could acquire any vested rights not subject to legislative control."

In *The State v. B. & O. R.R. Co.*, 12 G. & J. 399 (1842), *affirmed*, 3 How. 534, 11 L.Ed. 714 (1845), both this Court and the Supreme Court rejected Washington County's argument that an enactment of the General Assembly, annulling a one million dollar debt owed by a railroad to the county, unconstitutionally impaired the obligation of contract. This Court, in an opinion by Judge Stephens, stated (12 G. & J. at 436):

"Washington County is an integral part of the State, or portion of the body politic, and the money, if receive by her, would belong to her as public property in her public political capacity to be applied exclusively to the public use. As a county, she stands to the State in the relation of a child to a

parent, subject in all respects to its jurisdiction and power, as well as entitled to the benefits of its fostering care and protection. As a member of the political family, she has a right to participate in the legislative councils of the country; but the will of the majority, when expressed, according to the forms of the Constitution, is binding and obligatory upon her, and to that will, as the rule of her conduct, she is bound to submit with becoming deference and respect."

Later the Court continued (*id.* at 438):

"The State, for reasons which she deemed sufficient, has thought proper, by an Act of her Legislature, to annul the contract and release the claim of the *cestui que use,* which this action has been instituted to enforce; and it is now contended on the part of the appellant in support of it, that such legislative Act is a nullity, because it violates that great moral sanction of the Constitution, which declares, that no State shall pass any law which impairs the obligation of contracts."

\*      \*      \*      \*      \*      \*

"Washington County, by which the claim is attempted to be enforced, is one of the public territorial divisions of the State, established for public political purposes, connected with the administration of the government. In that character she would receive the money as public property, to be used for public purposes only, and not for the use of her citizens in their private individual characters and capacities. In that relation they would have no immediate interest, and could assert no title. She is one of the instruments of the Government, invested with a local jurisdiction to aid in the administration of public affairs, and may be emphatically termed a part of the State itself. If then it be public, and not private property, it would seem to be completely at the disposal of the government, and the Act of 1840 was nothing more than a rightful exercise of legislative power."

*See also, e.g., City of Baltimore v. Concord,* 257 Md. 132, 139, 262 A.2d 755, 759 (1970) ("the City, as a creature of the State, possesses no power which it may invoke against the State,

even on constitutional grounds, ... and may have even less right to challenge the constitutionality of a statute under which it is proceeding"); *Anne Arundel County v. Board,* 248 Md. 512, 237 A.2d 426 (1968); *McGraw v. Merryman,* 133 Md. 247, 263, 104 A. 540, 546 (1918) (stating, with regard to property of a subdivision, that "it is generally held that, in the absence of a constitutional provision, the Legislature makes the disposition of public property"); *Revell v. Annapolis,* 81 Md. 1, 31 A. 695 (1895); *Daly v. Morgan,* 69 Md. 460, 465–467, 16 A. 287, 289–290 (1888); *Pumphrey v. Mayor & C.C. of Balto.,* 47 Md. 145, 151–152 (1877) (the General Assembly "'has the sole right as trustee of the public interest, to inspect, regulate, control and direct the [municipal] corporation, its funds and franchises'"); *Groff v. Frederick City,* 44 Md. 67, 78 (1876) ("The Legislature having this constitutional power [over political subdivisions], the exercise of it is wholly within its discretion, and it can in nowise be controlled by the courts. If the exercise of the power operates injuriously upon ... the municipal corporations ..., redress can be had from the legislative power alone"); *Mayor & City Council of Baltimore v. State,* 15 Md. 376, 462 (1860).

■ Under the principles set forth in this Court's cases, the allocation and control of public funds, and the resolution of disputes among State government agencies and instrumentalities concerning such funds, all are matters which the General Assembly may fully control by legislation. Disputes between State government agencies over public funds are entirely different from disputes between an individual or private entity and a government agency over a right, entitlement, benefit, or license which the individual or private entity claims is due under the law. In the latter situation, courts have the authority, under Article IV of the Maryland Constitution and Articles 8 and 19 of the Maryland Declaration of Rights, to insure that the right, benefit, entitlement, etc., is not illegally or arbitrarily denied by the government. In the intra-governmental situation, however, the General Assembly ordinarily has complete control. As long as the General Assembly violates no constitutional limitations upon its authority, it may provide

that disputes between a State agency and the State over the entitlement to particular public funds shall be finally resolved by the Secretary of Budget and Management, with no right of judicial review.

■ This Court held in *Board v. Secretary of Personnel,* 317 Md. 34, 562 A.2d 700, that the Department's decision under former Art. 73B, § 39(e), was not subject to judicial review under either statutory provisions or the principles set forth in *Criminal Inj. Comp. Bd. v. Gould,* 273 Md. 486, 331 A.2d 55. As the circuit court recognized, our holding in *Board v. Secretary of Personnel* is dispositive.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT.**