753 A.2d 1034

**Frederick W. PUDDESTER et al.**

v.

**Reginald M. FELTON et al.**

No. 146, Sept. Term, 1999.

Court of Appeals of Maryland.

June 26, 2000.

Andrew H. Baida, Assistant Attorney General (J. Joseph Curran, Attorney General of Maryland, on the brief), Baltimore, for appellants.

Roger W. Titus (Kevin B. Collins of Venable, Baetjer and Howard, LLP, on the brief), Rockville, for appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL and HARRELL, JJ.

CATHELL, Judge.

There are times when tenacity is a virtue. This is not one of those times.

Reginald M. Felton, Dr. Alan Cheung, Blair G. Ewing, Beatrice B. Gordon, Ana Sol Gutierrez, Nancy J. King, Mona M. Signer, and George H. Margolies, appellees, who, according to appellants, are individuals who also comprise the Montgomery County Board of Education and its staff director, filed a Complaint for Declaratory Judgment in the Circuit Court for Montgomery County, against Frederick W. Puddester, Secretary of the Maryland Department of Budget & Management, and the Central Collection Unit, appellants. The present appellees seek the same relief in respect to a certain sum in controversy as has been previously rejected by this Court in *State v. Board of Education of Montgomery County,* 346 Md. 633, 697 A.2d 1334 (1997).

**338**

We need not take the time to describe the procedural posture of the present case. The procedural posture is not relevant to our determination, in that no cause of action exists in the first instance. Neither will we take the time to state once again the factual basis for this dispute. We have already done so. The facts are as given in our prior decision, *supra.* Nor shall we explain for the third time the statutory scheme and the relationships between the State and counties at issue here. We have done that twice before.[1] In both respects, once should have been enough.[2]

Presumably, it is the parties' perception, or at least their stated position, that our prior opinions were based completely and solely on the presence in those cases of an inferior unit of state government, a county Board of Education, that was seeking to recover against a superior governmental entity, the State, under a statute that limited remedies. If that is the perception of appellees, and appellees' employer, they are mistaken. This case is not, and never has been, about standing. The primary holding of those cases, which we thought we had explained in the second case, was that under those circumstances there was, and under the present circumstances there is, *no cause of action* in the first instance no matter whether the complaining party is a Board of Education, its constituent individuals, or county taxpayers.

We said distinctly in *Board of Education of Montgomery County,* 346 Md. at 640, 644, 697 A.2d at 1337, 1339–40, that:

[T]he remedy provided for in former Art. 73B, § 39(e), covered the dispute, that the statutory remedy was intended to be the exclusive remedy, and that "the General Assembly

---

1. *See also Board of Education of Prince George's County v. Secretary of Personnel, State of Maryland,* 317 Md. 34, 562 A.2d 700 (1989).

2. There appears to be little, if any, justification for the continued intransigence of the Montgomery County Board of Education, and its surrogates in this matter, to accept the prior decisions of this Court. Our previous opinions were not unclear. No new, novel or colorable issues are presented in the present case.

obviously intended that there be no judicial review of the § 39(e) administrative decision."

and

Neither [*Criminal Injuries Compensation Board v.*] *Gould*, [273 Md. 486, 331 A.2d 55 (1975),] nor any of the cases cited in *Gould*, held that the General Assembly, in providing for an administrative resolution of intra-governmental disputes such as are involved in the present case, could not validly preclude ordinary judicial review of the final administrative decision.

We explained the distinction as to disputes between governmental entities by describing the character of the monies involved:

"Washington County is an integral part of the State, or portion of the body politic, and the money, if receive[d] by her, would belong to her as public property in her public political capacity to be applied exclusively to the public use. As a county, she stands to the State in the relation of a child to a parent, subject in all respects to its jurisdiction and power, as well as entitled to the benefits of its fostering care and protection. . . .

. . . In that character she would receive the money as public property, to be used for public purposes only, *and not for the use of her citizens in their private individual characters and capacities. In that relation they [the citizens of the county] would have no immediate interest, and could assert no title."*

*Id.* at 645–46, 697 A.2d at 1340, 1341 (emphasis added) (quoting *State v. B. & O. R.R. Co.*, 12 G. & J., 399, 436, 438 (1842), *aff'd*, 3 How. 534, 11 L.Ed. 714 (1845)).

Additionally, we thought we had made it clear in *Board of Education of Montgomery County*, 346 Md. at 647–48, 697 A.2d at 1341, that the funds at issue in the case at bar were public funds, when we said:

Under the principles set forth in this Court's cases, the allocation and control of public funds, and the resolution of disputes among State government agencies and instrumen-

talities concerning such funds, all are matters which the General Assembly may fully control by legislation. Disputes between State government agencies over public funds are entirely different from disputes between an individual or private entity and a government agency over a right, entitlement, benefit, or license which the individual or private entity claims is due under the law. . . . In the intragovernmental situation, however, the General Assembly ordinarily has complete control. As long as the General Assembly violates no constitutional limitations upon its authority, it *may provide that disputes between a State agency and the State over the entitlement to particular public funds shall be finally resolved by the Secretary of Budget and Management, with no right of judicial review.* [Emphasis added.]

We reiterate, once funds, such as those at issue here, are in the State treasury, and are then disbursed pursuant to the program here involved, as they were, they are quintessentially public funds, in which no private individual has any private property right. Moreover, the Legislature has not exceeded its constitutional authority, in denying judicial review of the decision of the administrative entity.

In short, under the circumstances here extant, there is no judicial cause of action, for anyone. Accordingly, we shall reverse the judgment of the Circuit Court for Montgomery County.

**JUDGMENT REVERSED; COSTS TO BE PAID BY APPELLEES.**