758 A.2d 632

**PRINCE GEORGE'S COUNTY, Maryland**

v.

**Kenneth O'BERRY, et al.**

**No. 2338, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Aug. 31, 2000.

550

Robert J. Mellin, Associate County Atty., Upper Marlboro, for appellant.

David A. Wanger, Upper Marlboro, for appellees.

Argued before MURPHY, C.J., and WENNER and THIEME, JJ.

MURPHY, Chief Judge.

This appeal from the Circuit Court for Prince George's County presents the question of whether that court erred in its conclusion that "(retroactive) promotion and back pay" should be awarded to the appellees, who are Prince George's County police officers that were unsuccessful candidates for promotion in a promotional examination process proven to be "flawed." Prince George's County, appellant, argues that, even if we agree with the circuit court's conclusion that the promotional process was "fatally flawed," under *Andre v. Montgomery Co. Personnel Bd.*, 37 Md.App. 48, 375 A.2d 1149 (1977), "the injury in this case is without [the] remedy [that appellees have sought]." *Id.* at 62, 375 A.2d 1149. Appellees argue that we should affirm the circuit court because (1) the Personnel Board of Prince George's County has declared that it does have the authority to order back pay and promotions, and (2) in *Montgomery County v. Anastasi*, 77 Md.App. 126, 549 A.2d 753 (1988), this Court "ordered the Personnel Board [of Montgomery County] to grant back pay and promotions where consistent with its own regulations." Although we agree with the circuit court's conclusion that the promotional process was indeed flawed and should have been "redone," for the reasons that follow, we shall reverse the judgment of the circuit court.

## I.

In 1995, appellees (and 13 other police officers) filed grievances with the Prince George's County Personnel Board. That agency's March 24, 1997 DECISION AND ORDER included the following statements:

In each instance, the [appellees] claimed that the promotion process administered by the Prince George's County Police Department in the Spring of 1994, was fraught with improprieties, violations of laws and procedural flaws which compromised the integrity of the entire examination. They claim that these improprieties denied them the opportunity to compete fairly for promotion. As remedy, they ask for retroactive promotions with back pay and the award of attorney fees.

\* \* \*

The consolidated cases were assigned to a Hearing Examiner on October 23, 1995 in accordance with the provisions of Section 16–203(a)9(C) of the Personnel Law.

\* \* \*

... the Hearing Examiner's opinion and conclusion section clearly show that he finds the [appellees'] initial grievance claims meritorious. This Board fully concurs with the finding.

Accordingly, in view of the foregoing, this Board finds that the manner in which the 1994 Police Promotion Examination was administered was inappropriate.

Having found the promotion process to be flawed, we now turn to the question of remedy. The Hearing Examiner properly pointed out that this Board has no authority to award the remedy being sought by the [appellees].

\* \* \*

Here, the [appellees] have clearly cited several instances of poor judgment on the part of the Appointing Authority which cast a shadow on the integrity of the process. They failed to show, however, a nexus between their own promotability and the errors in the judgment of the Appointing Authority to the point whereby they could be characterized as a substantial factor in the [appellees] not being promoted.

Whether or not *Reiner* [*Reiner v. United States*,[1] an unreported opinion by the Honorable June L. Green of the United States District Court for the District of Columbia, filed in Civil Action # 78–0616 on April 30, 1979] is operative here has no substantive impact on the Board's ultimate decision in this case. The Board finds that the Appointing Authority committed several errors in judgment in the administration of the 1994 promotion process, but there is nothing in the record to support a finding that these judgmental errors were substantial enough to adversely effect [sic] the promotability of the [appellees]. The [appellees] have not met their burden of proof in this regard.

Appellees petitioned for judicial review of that decision. The circuit court's OPINION AND ORDER included the following findings and conclusions:

This Court finds that the promotional process was flawed, as found by the Police Department's own consultant. The decision of the Personnel Board that the flaw was not a substantial factor in the failure to promote the [appellees], however, was a clear abuse of discretion and in error, and the Court hereby finds that the flaw was a substantial factor in the failure to promote the [appellees]. The Court also finds that the Police Department is unable to show that the [appellees] would not have been promoted even if the flaw had been corrected, and therefore, this Court enters the following order:

---

1. *Reiner* involved a "retroactive promotion" claim asserted by a federal employee who had been an unsuccessful candidate for promotion in a promotional process that was flawed by administrative error. According to Judge Green, once the employee proved (1) the process was flawed by administrative error, and (2) the error was a "substantial factor in [the employee's] failure to be promoted," the employee was entitled to a retroactive promotion unless the agency proved by a preponderance of the evidence that the employee would not have been promoted even if no error had occurred. In light of our conclusion that appellees are not entitled to promotion and back pay, whether the Board correctly applied *Reiner's* "burden shifting" rule is of no consequence to the outcome of this case.

It is this *19*<sup>th</sup> day of *October,* 1999 by the Circuit Court for Prince George's County,

ORDERED, that the decision of the

Personnel Board be, and hereby is, REVERSED AND REMANDED for appropriate action, and it is further

ORDERED, that the [appellees] be, and hereby are, awarded the costs of this action.

This appeal followed.

## II.

Appellees' position is best summarized by the following argument presented to the circuit court during the hearing on appellees' petition for judicial review:

[APPELLEES' COUNSEL] Your Honor, it's our contention, quite simply, that there were substantial flaws in the promotional process identified by their validator, Dr. Harver, accepted by their chief of police, Chief Mitchell at the time, that those errors, those flaws were a substantial factor in the failure of the four to be promoted.

Therefore, as the agency cannot prove that they would not have been promoted even if this error had not been made—in other words, they can't prove what would happen if the oral board would have been readministered.

We don't know what the scores would have been, we don't know where these gentlemen would have ranked, and so we don't know if they would have been promoted had their test been readministered. But we do know that their failure to be promoted was caused in part, a substantial factor of the failure was that failure to readminister the exam.

So the relief we would be requesting of the court is that each of the grievants be ordered to be promoted to the rank of sergeant effective February of 1996, which was when they completed the promotions for [sic] based upon the 1994 sergeant's exam, that they be awarded back pay for that period from that date for—to either to the present or to when they, in fact, were promoted as sergeant.

In *Andre, supra,* this Court held that (1) "the Board erred in concluding that the appellants' 'rights' were not violated," but (2) because the relief requested by appellants was an award of money damages from the county, "the injury in this case is without remedy." Chief Judge Gilbert explained:

The potential for promotion is what was wronged, not a right to promotion. The appellants' actual promotions are at best tenuous because, as we have seen, there were other applicants for the same positions, and those applicants also had their potential for appointment or promotion eradicated by the action of the Department.

\* \* \*

The relief sought from the Board, by the appellants, was not in the best interest of the County service. Patently the Board could not order the promotion of the appellants over the other persons who were on the eligible lists. It could not create a similar promotion for each person in the eligible list. The persons appointed to the vacancies were seemingly eligible therefor and, in any event, were not parties to the proceeding.

37 Md.App. at 62–63, 375 A.2d 1149. Chief Judge Gilbert's analysis is equally applicable to this case.

According to appellees, *Andre* has been overruled by *Anastasi.* There is simply no merit in that argument. In *Anastasi,* after concluding that the Board erred in upholding a promotion process that violated both the letter and the spirit of the county's Charter and Code, this Court stated:

Fashioning the appropriate remedy in this case is a difficult task. This Court faced a similar situation in *Andre v. Montgomery County Personnel Board,* 37 Md.App. 48, 375 A.2d 1149 (1977) where the Montgomery County Personnel Board found the complainants to have been wronged by the hiring practices of the county's Department of Recreation. The Board in *Andre* ordered the Department to institute remedial procedures but declined the complainant's requests for back pay and retroactive appointments ...

... Whether appellees here should receive some redress from the County, in the nature of back pay, promotion when openings occur or both, or something other than either of these, we are not in a position to say.

77 Md.App. at 139, 549 A.2d 753. *Anastasi* did not overrule *Andre* and does not support appellees' contention that they are entitled to retroactive promotion and back pay.

### III.

We quote with approval the following comments made by the circuit court during the hearing that preceded the ruling at issue in this case:

THE COURT: Why is it that—what I don't understand is since the person who developed the system said that this part of the promotions system is invalid, fatally flawed, and should therefore be redone, and that's the system upon which you base your promotions, why would you refuse to redo it?

\* \* \*

THE COURT: So how can you then base your promotions on something that is flawed?

[APPELLANT'S COUNSEL]: Your Honor, it was flawed because of the resulting—

THE COURT: We don't really care why. It's flawed, so why not redo it?

\* \* \*

THE COURT: ... you send them through a promotion procedure, we find out it's flawed, the chief says redo it, and I know the chief said later on okay, you didn't redo it, all right, we won't do it, but he said redo it.

That was his first decision, and his first decision was right because statistically we know it was flawed, and that's how we test these things. That's how it's done, and then we

ignore the statistics when the guy who designed it said it's wrong.

I think that's wrong. I think we're treating these people inequitably. Yeah, we want them to go right back out there and be subjected to the hazards of the job. I think that's wrong, sir. I'm sorry.

I think it is flat out wrong. It's not fair. It just isn't fair, and I just hate to see bureaucracies just decide well, it came out this way. We'll fix it next time around, but these guys, they'll just have to suffer.

I don't look at it that way. That's not right. If it's inconvenient to do it over again, so it's inconvenient. But when you're dealing with people's careers you subject yourself to the inconvenience. You have to be fair to people, and we're not being fair in this thing, sir. I'm sorry. We're not being fair.

We again emphasize our agreement with the circuit court's factual finding that appellees were not treated fairly by the Police Department. Like all other police officers who are potential victims of a promotional process proven to be flawed, appellees were entitled to a ruling by the Personnel Board—or by the circuit court [2] in the event that the Personnel Board failed or refused to take appropriate action—that would (1) require that the promotional process be corrected so that no candidate for promotion would have an unfair advantage over any other candidate, and (2) prohibit the appointing authority from promoting (appellees or) any (other) candidate until a fair promotional process has been conducted.[3] For the rea-

---

**2.** The "exhaustion (of administrative remedies)" requirement is inapplicable "where the effort to proceed formally with [those] remedies would be wholly futile." *Glover v. St. Louis–S.F.R. Co.*, 393 U.S. 324, 330, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969), discussed in *Dearden v. Liberty Medical Center*, 75 Md.App. 528 at 533–34, 542 A.2d 383 (1988). *See also State v. Board of Education*, 346 Md. 633, 642–644, 697 A.2d 1334 (1997) and the cases cited therein.

**3.** Appellees argue that they could not have sought injunctive relief in this case because their entitlement to retroactive promotion and back pay constituted an adequate remedy at law. As we interpret *Andre,*

sons stated in *Andre,* however, we cannot affirm the circuit court's conclusion that appellees were entitled to promotion and back pay. *That* is why we must reverse the judgment and remand for entry of an order affirming the decision of the Personnel Board.

■ As we did in *Andre, supra,* 37 Md.App. at 48, 375 A.2d 1149, we shall make an exception to the general rule that costs be assessed against the losing party. We are persuaded that "the County's neglect, in supervising its personnel so as to avoid the type of inadvisable [promotional] practices utilized in this case, requires that it shoulder the costs."

**JUDGMENT REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ENTRY OF JUDGMENT AFFIRMING THE DECISION OF THE PRINCE GEORGE'S COUNTY PERSONNEL BOARD; COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**

---

however, appellees were not entitled to retroactive promotion and back pay. That case actually supports the proposition that a "redone" promotional process is the only relief available to unsuccessful candidates who are the potential victims of a promotional process proven to have been flawed.